164 N.J. Super. 86 (1978)
395 A.2d 875
JUAN NIEVES, PLAINTIFF-RESPONDENT,
v.
ADAM BARAN, T/A BARAN MOTORS, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued October 30, 1978.
Decided November 27, 1978.
*89 Before Judges FRITZ, BISCHOFF and MORGAN.
Mr. Michael J. Gruccio argued the cause for appellant (Messrs. Adamo & Pagliughi, attorneys).
Mr. Sheldon C. Schulman argued the cause for respondent.
The opinion of the court was delivered by FRITZ, P.J.A.D.
Defendant appeals from a judgment in the amount of $4,255.08 entered in Cumberland County Court after a nonjury trial in Cumberland County District Court. After hearing testimony and argument, the trial judge found the actual damages to be $1,168.36. Having found "outright fraud" as a fact, involving a violation of N.J.S.A. 56:8-2, and prepared to apply the treble damage provision of N.J.S.A. 56:8-19, the judge was properly concerned for the fact that the resultant judgment would exceed the jurisdictional limit of the county district court. He thereupon announced, "Therefore, I will, on my own motion forthwith, transfer this matter to the County Court and I am now sitting in the County Court." The aforementioned judgment was then entered.
Defendant moved for a new trial, expressly relying on R. 4:49-1(a) for support. His argument before us on appeal urged that this should have been treated as an R. 4:50 motion as well. On that motion he did offer the wife of defendant as another witness, purportedly to explain a basic fact (concerning the odometer mileage on the automobile in question, stated on one form and not stated at all on the duplicate of that form given plaintiff) involved in the *90 transaction and the fraud. The judge held on the motion, "The matter came down to one of credibility." He denied the motion.
Before us defendant urges that this denial was error. He argues the matter should have been reopened for testimony of the wife. We cannot agree. The testimony of the wife was hardly "newly discovered evidence." Its availability was obviously well known to defendant. He was shown the slip at the trial and there volunteered that it was in his wife's writing.
As to his argument that he should have the new trial because he was not aware from the pleadings or otherwise that the "discrepancy" between the mileage reported on the original of the slip and not shown at all on the duplicate given plaintiff was significantly at issue, we make the following observations. First, the complaint specifically charged fraud and invoked N.J.S.A. 56:8-2, a substantial addendum to its sounding solely in contract, the "gravamen" of which was, as set forth in defendant's brief, "that Defendant sold to Plaintiff a defective motor vehicle, failed to repair same after having agreed to do so, and otherwise deprived Plaintiff of both his vehicle and his money." Defendant was on notice. That he did not refine the issue by proper discovery cannot now serve to justify a new trial. Second, as defendant concedes in his brief and before us at oral argument, he knew prior to trial, albeit only briefly, of the discrepancy in question. He will not be heard to defend his delay until after judgment to seek to meet the issue thus suggested. Third, and most significant, the affidavit of the wife offered in support of the motion did not explain why plaintiff's copy did not contain the same mileage notation appearing on defendant's copy. She only vaguely alleged that the true mileage was not "intentionally withheld" and was not added to defendant's copy in preparation for litigation. Such information tends not at all to rebut the inference of fraud available from the fact. Accordingly, *91 we will not fault the trial judge for determining on the motion that there was no "miscarriage of justice under the law." R. 4:49-1. We are equally satisfied as to the unavailability of R. 4:50-1.
Defendant also argues that the transfer for the purpose of avoiding the jurisdictional limitation was improper. Plaintiff sidesteps this argument, countering that since no one count requested more than $3,000, the treble damage award should be broken down into its components of (a) the actual damages and (b) the balance, or an amount twice that of actual damages and, by itself, less than the $3,000 jurisdictional limit. Thus, he urges, the judgment becomes two different claims, each within the court's jurisdiction, and as a result, it could properly have been entered in the district court. We are persuaded by the argument of defendant on this issue.
The jurisdictional limit in the county district court is fixed by N.J.S.A. 2A:6-34(a), which provides as follows:
Every action of a civil nature at law, other than a proceeding in lieu of a prerogative writ, and every action to recover any penalty imposed or authorized by any law of this State, where the debt, balance, penalty, damage or other matter in dispute does not exceed, exclusive of costs, the sum or value of $3,000.00, exclusive of costs, shall be cognizable in the county district courts of this State.
Also pertinent is N.J.S.A. 2A:6-35(a), providing:
Where the debt, balance or other matter in dispute, or the amount really due or recoverable, exceeds, exclusive of costs, the sum or value of $3,000.00, either plaintiff or defendant may recover in a county district court a sum not exceeding $3,000.00 and costs. Such recovery shall bar the recovery of the residue of such debt, balance or other matter in dispute in any court whatsoever. [Emphasis supplied]
It appears clear to us from the plain language of the statute that a statutory penalty, such as that mandated by N.J.S.A. 56:8-19, must be considered in combination with the actual damages for the purposes of computing the county *92 district court jurisdictional limit. First, it is to be seen that N.J.S.A. 2A:6-35(a) expressly refers in unmistakable terms to "the amount really due or recoverable." Thus it is evident that it is the total damages, not merely the actual compensatory damages, which must be confined to the jurisdictional limit. Support for this view is to be found in Andriola v. Galloping Hill Shopping Center, Inc., 93 N.J. Super. 196 (App. Div. 1966) where we held that
These statutory and procedural rules and related considerations are meaningful only if the jurisdictional limitations of the county district court are deemed to be absolute limitations on the amount of recoverable damages in any action originally instituted in that court * * * regardless of what the trier of facts may determine the actual damages to be. * * * [At 201-202; emphasis supplied]
It is also to be noted that N.J.S.A. 2A:6-34, in which the $3,000 jurisdictional limit is set, indicates a legislative awareness of penalties being sought in the county district court in its reference to both damages in the traditional civil action sense and penalties.
We have found no previous New Jersey precedent with regard to the question of whether statutory penalties are to be considered in determining whether jurisdictional limitations have been exceeded. California offers some help. In Gold v. Los Angeles Democratic League, 49 Cal. App.3d 365, 375, 122 Cal. Rptr. 732, 740, n. 6 (Ct. App. 1975), the court notes that "actual" damages are to be added to punitive damages in determining the jurisdiction. And the inclusion for jurisdictional purposes of statutorily tripled damages for unlawful detainer appears in Wells Fargo Bank & Union Trust Co. v. Broad, 3 Cal. App.2d 45, 46, 39 P.2d 241, 241-242 (Ct. App. 1934).
We conclude that the trial court correctly deemed the damages to be in excess of the jurisdictional limit in the county district court.
The question of the propriety of the transfer to the County Court remains. We are satisfied that Andriola, *93 supra, with its considered reasoning, is a sufficient answer. As we there said, "Neither the statute nor the rules authorize such a transfer of the action once a verdict has been rendered so as to enable the recovery of an amount in excess of the statutory limit." Andriola, supra, 93 N.J. Super. at 199. The transfer in the matter before us, although technically seconds before the entry of judgment, was after trial and the liability fact finding. Its purpose to avoid the jurisdictional limitations of the county district court was undisguised. The action was improper.
We vacate the judgment and remand for entry of a judgment of $3,750 ($3,000 damages plus $750 attorney's fees) plus costs.
We have not lost sight of the one-sentence application for fees appended by counsel for the respondent to the conclusion in his brief. Without determining presently the entitlement of counsel to counsel fees on this appeal, we observe that the request was premature when presented in the appeal brief. R. 2:11-4. More significantly, it was wholly deficient in its failure to provide required documentation. R. 2:11-4; R. 4:42-9(b) and (c).
The judgment below is vacated and the matter is remanded for the entry of a judgment consistent with the foregoing.