720 A.2d 393

KATHLEEN L. LETTENMAIER, PLAINTIFF–APPELLANT,
v. LUBE CONNECTION, INC., A NJ CORP., TRADING AS
LUBE CONNECTION, DEFENDANT–RESPONDENT.

Superior Court of New Jersey
Appellate Division

Argued October 21, 1998—Decided November 13, 1998.

Before Judges BAIME and CONLEY.

*Thomas E. Maxim,* argued the cause for appellant.

*William P. Robertson,* argued the cause for respondent (*Miller, Robertson & Rodgers,* attorneys; *Mr. Robertson,* on the brief).

The opinion of the court was delivered by

CONLEY, J.A.D..

In this special civil part consumer fraud action plaintiff obtained a judgment for $9,240.00, representing her actual damages plus treble damages. In addition, and as part of plaintiff's award under the Consumer Fraud Act, plaintiff sought counsel fees, which, at the time of her motion for reconsideration, totalled $35,686.00. Plaintiff's request for counsel fees over the jurisdictional limit of $10,000.00 was denied. She, thus, was awarded $760.00 for counsel fees, the difference between her $9,240.00 actual and trebled damages and the $10,000.00 jurisdictional limit of the Special Civil Part. She appeals the denial of her full recovery under the Consumer Fraud Act. We affirm.

Pursuant to *N.J.S.A.* 56:8–19 of the Consumer Fraud Act, a successful litigant is entitled to recover actual damages, treble damages and "reasonable attorney's fees." However, *R.* 6:1–2(a)(1) limits the Special Civil Part's jurisdiction to actions "seeking legal relief when the amount in controversy does not exceed $10,000.00." *R.* 6:1–2(c) also provides that "[w]here the amount recoverable on a claim exceeds the monetary limit of the Special Civil Part or the Small Claims Section, the party asserting the claim may waive the excess over the applicable limit and recover a sum not exceeding the limit plus costs." Pursuant to *R.* 6:1–1(c), the statutory fees or costs charged for Special Civil Part actions "shall be in accordance with *N.J.S.A.* 22A:2–37.1...." *N.J.S.A.* 22A:2–37.1 sets forth various fees to be assessed by the clerk of the court including fees for filing a complaint and answer and servicing process and writs of execution. Counsel fees are not included in *N.J.S.A.* 22A:2–37.1, statutory or otherwise.[1]

---

[1] Plaintiff has asserted that her consumer fraud counsel fees are recoverable in the Special Civil Part by virtue of *R.* 6:6–1 pursuant to which "Rule 4:42–9 [(a)(8)] is expressly made applicable to the Special Civil Part." That may well be so, but the question still remains, are such counsel fees to be excluded when determining the amount recoverable in the Special Civil Part for jurisdictional purposes. Moreover, even under *R.*4:42, taxed costs are distinct from counsel fees. *Compare R.*4:42–8 *with R.*4:42–9.

Facially, "costs" that a party is entitled to and that are excluded by *R.* 6:1–2(c) from the jurisdictional limitation of the Special Civil Part do not encompass counsel fees recoverable by a successful plaintiff under the Consumer Fraud Act. *Cf. Helton v. Prudential Property and Cas. Ins. Co.,* 205 *N.J.Super.* 196, 203, 500 *A.*2d 717 (App.Div.1985). To the contrary, consumer fraud counsel fees would seem to be part of "the amount recoverable on [such] a claim" and, thus, subject to the jurisdictional limitation and waiver provisions of *R.* 6:1–2(c). *Contrast Saval v. B.L. Ltd.,* 710 *F.*2d 1027, 1033 (4th Cir.1983) (language of federal Magnuson–Moss Warranty Act providing for recovery of "costs and expenses (including attorneys fees)" expresses clear intent that such statutory fees must be considered as "costs" for the purposes of determining jurisdictional amount in controversy and since "costs" are excluded from that calculation, prospective counsel fees must also be excluded).

We pause at this point to emphasize that the issue we resolve here is not whether *N.J.S.A.* 56:8–19 supersedes *N.J.S.A.* 22A:2–42. *See Alba v. Sopher,* 296 *N.J.Super.* 501, 504, 687 *A.*2d 309 (App.Div.1997) (in a landlord/tenant matter, security deposit penalty provisions of *N.J.S.A.* 46:8–21.1 supersede *N.J.S.A.* 22A:2–42). Were there no jurisdictional impediment to plaintiff's full recovery in the Special Civil Part, including her consumer fraud counsel fees, we might consider *Alba* applicable. But there is such an impediment. *Alba* simply does not address the issue before us.

Plaintiff relies on *Nieves v. Baran,* 164 *N.J.Super.* 86, 395 *A.*2d 875 (App.Div.1978), in asserting that a consumer fraud counsel fee award "[is] not part of 'damages,' and thus not subject to the jurisdictional limit, and/or the award [is] made part of 'costs,' and thus not subject to the jurisdictional limit." In *Nieves,* a buyer successfully brought a consumer fraud action against a seller in county district court. The county district court judge found actual damages to be $1,168.36. If trebled, the award would have exceeded the then $3,000 jurisdictional limit of the county district court. And so, on his own motion, the judge transferred the

matter to the Superior Court and then entered the full judgment. On appeal, the seller claimed that the trial judge's transfer for the purpose of avoiding the jurisdictional limit was improper. We agreed, explaining that "a statutory penalty, such as that mandated by *N.J.S.A.* 56:8–19, must be considered in combination with the actual damages for the purposes of computing the county district court jurisdictional limit." *Id.* at 91–92, 395 *A.*2d 875. We held that "total damages, not merely the actual compensatory damages, ... must be confined to the jurisdictional limit." *Id.* at 92, 395 *A.*2d 875. Thus, we vacated the judgment and remanded for entry of a judgment of an amount that was within the jurisdictional limits. In passing, we also stated that over and above that amount, counsel fees of $750.00 should be awarded. But we gave no rationale for allowing such counsel fees, nor, seemingly, did we particularly analyze the issue.

We directly considered the issue in *Wisser v. Kaufman Carpet Co.*, 188 *N.J.Super.* 574, 458 *A.*2d 119 (App.Div.1983), albeit in the context of the Small Claims Section jurisdictional limits. In *Wisser*, plaintiff was successful on his consumer fraud claim and obtained a judgment for treble damages and reasonable counsel fees pursuant to *N.J.S.A.* 56:8–19. Specifically, plaintiff obtained a judgment in the amount of $3,000 "plus $500 attorney's fees, plus costs of Court ($9.00)." *Id.* at 576, 458 *A.*2d 119. Among other arguments on appeal, defendant asserted that this judgment exceeded the Small Claims $1,000 statutory jurisdictional limit. The issue before us was "whether the statutory jurisdictional limit in the small claims division of the county district court of $1,000 'exclusive of costs' permits recovery as 'costs' of punitive damages and reasonable attorney's fees allowed under the Consumer Fraud Act." *Ibid.* We thought not. As for the treble damages, we applied the reasoning of *Nieves v. Baran, supra,* 164 *N.J.Super.* 86, 395 *A.*2d 875, to conclude "that the treble damages recovered under the [Consumer Fraud] act are encompassed in the phrase 'the amount really due or recoverable'" under the jurisdictional limit of the court. However, we expressly disagreed with the result in *Nieves* regarding counsel fees, stating:

[w]e see no reason, at least in the small claims division, why attorney's fees recoverable under the act should be exempt from the limit. The only category of recovery not capped by the jurisdictional limit is "costs."
[*Wisser, supra,* 188 *N.J.Super.* at 578, 458 *A.*2d 119.]

After reviewing the costs that were authorized by the then applicable statutes, *N.J.S.A.* 2A:18–69 and –70, we concluded that counsel fees are not included in such costs. *Id.* at 579, 458 *A.*2d 119. Therefore, we held "that in the small claims division the total recovery under the [Consumer Fraud] act for compensatory damages, punitive damages and reasonable attorney's fees may not exceed $1,000." *Id.* at 576, 458 *A.*2d 119. We cautioned that we did

not mean to inhibit the legislative policy of awarding reasonable attorney's fees under the Consumer Fraud Act. That provision has the salutary purpose of promoting representation and therefore court access for consumer claims involving a minor loss to the individual plaintiff but a major gain to the community through ridding the marketplace of fraudulent and deceitful conduct. Thus, appropriate attorney's fees under the Act may be allowed without regard to the amount involved in the underlying dispute. *Where recovery of a substantial counsel fee is in prospect, it is in keeping with legislative intent to require the action to be brought in a court where ample discovery opportunities are available and all parties are on notice that more is at stake than would be expected in the small claims division.*
[*Id.* at 579, 458 *A.*2d 119 (emphasis added).]

*See also Oro v. Vaspoli Constr. Co.,* 172 *N.J.Super.* 447, 412 *A.*2d 827 (Atlantic Cty. Dist. Ct.1980) (where the parties' settled for an amount equal to the district court's jurisdictional limit, additional claim for counsel fees beyond the monetary jurisdictional limit must be dismissed).

A similar approach has been taken by the federal courts in determining the amount in controversy for removal jurisdiction in diversity actions. In *Garcia v. General Motors Corp.,* 910 *F.Supp.* 160, 166 (D.N.J.1995), for instance, plaintiff argued that counsel fees awarded under the New Jersey Consumer Fraud Act "should not be considered in the [diversity action removal] amount-in-controversy inquiry." Rather, plaintiff suggested that counsel fees were costs and therefore should not be considered when determining the amount in controversy. The federal district court expressly rejected this reasoning, finding that "[w]hen attorneys'

fees are provided for under state law, they must be considered in calculating the jurisdictional amount in controversy." *Ibid.* (citing *Missouri State Life Ins. Co. v. Jones*, 290 *U.S.* 199, 202, 54 *S.Ct.* 133, 134, 78 *L. Ed.* 267 (1933) ("[i]n the state court the present respondent sought to enforce the liability imposed by statute for his benefit -- to collect something [i.e. counsel fees] to which the law gave him a right. The amount so demanded became part of the matter put in controversy by the complaint, and not mere 'costs' excluded from the reckoning by the jurisdictional and removal statutes."))).[2] *Accord Suber v. Chrysler Corp.*, 104 *F.*3d 578, 585 (3rd Cir.1997); *Lauchheimer v. Gulf Oil*, 6 *F.Supp.*2d 339, 348 (D.N.J.1998). *But see Bittner v. Tri–County Toyota, Inc.*, 62 *Ohio Misc.*2d 345, 598 *N.E.*2d 925, 928 (Mun. 1992) (counsel fees awarded under Ohio's Consumer Sales Practices Act were "costs" and not damages and, thus, not subject to the $10,000 municipal court jurisdictional limit). *Compare Gardynski—Leschuck v. Ford Motor Co.*, 142 *F.*3d 955, 958 (7th Cir.1998) ("[l]egal fees may count towards the amount in controversy when the prevailing party is entitled to recover them as part of damages. Things are dicier when a statute [referring to the federal Magnuson–Moss Warranty Act] calls for an award of fees as part of costs, for then the rule that 'interests and costs' do not count toward the jurisdictional minimum would take over."); *Suber v. Chrysler Corp.*, *supra*, 104 *F.*3d at 588 n. 12.

Here, in denying plaintiff's request for counsel fees above $760, Judge Ashrafi relied on *Wisser* in his oral decision. Although he conceded that *Wisser*'s holding did not "cover our situation exactly, because we're in the Special Civil Part ... not in Small Claims Court," he noted that the Special Civil Part, with its limited

---

2 *Garcia* also held that in a class action, the recoverable damages and counsel fees of all class plaintiffs may be aggregated to satisfy the jurisdictional removal amount. 910 *F.Supp.* at 165–66. This holding has been criticized and disagreed with by other courts. *See for example The Prudential Ins. Co. of Amer. Sales Practices Litigation*, 148 *F.*3d 283, 305 (3rd Cir.1998); *Lauchheimer v. Gulf Oil*, 6 *F.Supp.*2d 339, 344 n. 7 (D.N.J.1998).

discovery and other simplified procedures, was fairly comparable to the Small Claims Section. He thus thought:

> It seems to me that the reasoning of *Wisser* should apply to this case, and that the total amount of recovery, including reasonable attorneys' fees, recoverable by plaintiff cannot exceed $10,000 if this Court is going to be the Court entering the judgment.

> As I said earlier, the only two cases that discuss this, *Nieves v. Baran* and *Wisser v. Kaufman Carpet*, go different ways on that issue, but there's no discussion of it at all in *Nieves*, where there is a discussion, albeit with respect to the Small Claims Division, in *Wisser*. The reasoning of *Wisser* seems to me more appropriate and makes better sense to me, and so I intend to follow *Wisser* in this case.

> What that gets us to, [plaintiff's counsel], is giving you a choice right now. Whether, having reached this conclusion, you want to go ahead and get a judgment for $10,000 total, including attorneys' fees recoverable by the plaintiff—now costs, of course, and any statute or minor statutory attorneys' fees are separate, but attorneys' fees, under the Consumer Fraud Act, or whether you wish to transfer the case to the Law Division, which would have to be on notice to the defendant on motion and all the rest of it.

We agree. "Costs" as used in *R.* 6:1–2(c), simply put, do not include consumer fraud counsel fees. Such fees, moreover, are not the *N.J.S.A.* 22A:2–37.1 fees permitted under *R.* 6:1–1(c). Further, plaintiff was given an opportunity to transfer her complaint to the Law Division in which, were she successful, she could have obtained full relief under *N.J.S.A.* 56:8–19. She did not do so and must, therefore, abide by the jurisdictional limit of the Special Civil Part.

Affirmed.