741 A.2d 591

KATHLEEN L. LETTENMAIER, PLAINTIFF–APPELLANT, v. LUBE CONNECTION, INC., A NEW JERSEY CORPORATION TRADING AS LUBE CONNECTION, DEFENDANT–RESPONDENT, AND JOHN DOE, A FICTITIOUS NAME, DEFENDANT.

Argued October 13, 1999—Decided December 1, 1999.

*Thomas E. Maxim,* argued the cause for appellant.

*William P. Robertson,* argued the cause for respondent (*Miller, Robertson and Rodgers,* attorneys).

The opinion of the Court was delivered by

LONG, J.

We are here called upon to determine whether counsel fees under the Consumer Fraud Act (*N.J.S.A.* 56:8–19) should be considered part of the "amount in controversy" in calculating the $10,000 jurisdictional limit established by *Rule* 6:1–1(c) for access to the Special Civil Part of the Superior Court. We have concluded that such fees are not part of the jurisdictional calculus.

## I

The case arose on October 11, 1995, when plaintiff Kathleen Lettenmaier filed suit in the Special Civil Part alleging negligence and common law fraud against defendant Lube Connection, Inc., as a result of certain maintenance work defendant performed on her automobile. The details of plaintiff's complaint are irrelevant to the issues presented here. She also alleged a violation of the Consumer Fraud Act (*N.J.S.A.* 56:8–1 to –91), and demanded treble damages not to exceed the jurisdictional limit of the court, plus interest, attorney's fees and costs of suit.

Defendant filed an answer and pre-trial discovery ensued. An arbitrator found in favor of plaintiff in the amount of $3,080, but

refused to decide whether defendant committed an act of consumer fraud. Defendant filed a notice seeking a trial *de novo*.

Thereafter, defendant failed to respond to plaintiff's discovery demands and the trial court entered an order of default. A proof hearing was held and a final judgment of default was entered in plaintiff's favor in the amount of $9,240 ($3,080 trebled).

Plaintiff requested attorneys' fees. Although plaintiff sought a greater amount and the trial court acknowledged plaintiff's entitlement thereto, the court capped plaintiff's fee award at $760, the difference between the treble damages of $9,080 and the $10,000 jurisdictional limit of the court. Although concluding that attorneys' fees are not part of "damages," the trial court held that such fees are an element of the "amount in controversy" for jurisdictional purposes. In ruling as it did, the trial court expressed concern about assessing attorneys' fees in excess of the $10,000 limit against a defendant who is not aware of such a possibility. The trial court then gave plaintiff the option of transferring the case to the Superior Court, Law Division. Instead, plaintiff agreed to waive recovery of any additional amount and accepted the $10,000 award pursuant to *Rule* 6:1–2(c). Final judgment was entered in the amount of $11,028.25, consisting of the treble damage award plus $760 in counsel fees and costs of suit.

Plaintiff moved for reconsideration, seeking the full amount of her attorney's fees, which by then were mounting as a result of her motion and defendant's motion to set aside the default judgment. Citing *Nieves v. Baran*, 164 *N.J.Super.* 86, 89, 395 *A.*2d 875 (App.Div.1978), plaintiff argued that counsel fees under the Consumer Fraud Act can be awarded in excess of the jurisdictional limit. The trial court disagreed, reasoning that counsel fees are unlike

the kinds of costs that are excluded from the jurisdictional limit of the Special Civil Part.... The only types of additional money awards that can be added to the $10,000 limit in the Special Civil Part ... are ... filing fees, court officer commissions, mileage fees, those types of costs that are provided in [the] statute and that are predictable based on the dollar amount of the judgment and the fee schedules established by Rule or statute.

Thus, the trial court concluded that Consumer Fraud Act counsel fees must be part of the amount in controversy.

On plaintiff's appeal the Appellate Division affirmed. *Lettenmaier v. Lube Connection, Inc.* 316 *N.J.Super.* 319, 720 *A.*2d 393 (1998). Relying on *Wisser v. Kaufman Carpet Co.*, 188 *N.J.Super.* 574, 458 *A.*2d 119 (App.Div.1983), the panel concluded that "[c]osts as used in *R.* 6:1–2(c), simply put, do not include consumer fraud counsel fees." In reaching its conclusion, the Appellate Division considered a number of federal diversity cases in which statutory counsel fees were used to reach the jurisdictional minimum. *Lettenmaier, supra,* 316 *N.J.Super.* at 324, 720 *A.*2d 393 (citing *Garcia v. Gen. Motors Corp.,* 910 *F.Supp.* 160 (D.N.J.1995)). Because a party suing under the Consumer Fraud Act is entitled to counsel fees, the Appellate Division reasoned that those fees are part of the amount recoverable and thus subject to the Special Civil Part's jurisdictional limit. *Id.* at 321, 720 *A.*2d 393. We granted plaintiff's petition for certification. 158 *N.J.* 74, 726 *A.*2d 938 (1999).

## II

The precursor to the Special Civil Part was the County District Court, which was abolished by statute in 1983. That court's limited jurisdiction was then transferred to the Superior Court. "[T]he concept of a special court of limited jurisdiction, functioning in an expedited manner, was too useful not to survive the demise of the county district courts." Pressler, *Current N.J. Court Rules,* comment on *R.* 6:1–1 to –3 (1999). Thus, by Supreme Court order (dated December 13, 1982) and later by court rule (effective January 1989) the County District Court continued, nearly intact, as the Special Civil Part, governed by the Part VI rules.

*Rule* 6:1–2 defines the jurisdiction of the Special Civil Part:

(a) The following matters shall be cognizable in the Special Civil Part:

(1) Civil actions seeking legal relief when the *amount in controversy* does not exceed $10,000; . . .

(c) Where the amount recoverable on a claim exceeds the monetary limit of the Special Civil Part . . ., the party asserting the claim may waive the excess over the applicable limit and recover a sum not exceeding the limit plus costs. (Emphasis added).

Additionally, *Rule* 6:6–4 prescribes that:

Upon receipt of the verdict of a jury . . . the clerk shall note the judgment on the jacket and it shall take effect forthwith. The clerk shall thereupon enter the judgment and *tax the costs.* (Emphasis added).

*Rule* 6:1–1(c), which addresses the subject of "fees" states:

The fees charged for actions in the Special Civil Part shall be in accordance with *N.J.S.A.* 22A:2–37.1, provided that the face of the pleading and summons alleges the amount in controversy does not exceed $10,000, and the fees for actions which are not filed in the Special Civil Part shall be in accordance with *N.J.S.A.* 22A:2–6 *et seq.* .

*N.J.S.A.* 22A:2–37.1 enumerates the fees to be charged by the clerk in a Special Civil Part action. They include fees for filing, service of process, jury, warrants, and sale of property. Importantly, *N.J.S.A.* 22A:2–42 provides for a nominal award of attorneys' fees in Special Civil Part cases to be taxed by the clerk:

There shall be taxed by the clerk of the Superior Court, Law Division, Special Civil Part in the costs against the judgment debtor, a fee to the attorney of the prevailing party, of five per centum (5%) of the first five hundred dollars ($500.00) of the judgment, and two per centum (2%) of any excess thereof.

That statute comes into play in cases in which counsel fees are not otherwise awardable under the Rules or under a specific fee-shifting provision. *Alba v. Sopher,* 296 *N.J.Super.* 501, 687 *A.*2d 309 (App.Div.1997).

The Consumer Fraud Act became law in 1960 to "combat the increasingly widespread practice of defrauding the consumer." *Cox v. Sears Roebuck & Co.,* 138 *N.J.* 2, 14, 647 *A.*2d 454 (1994) (citing *Senate Committee Statement to the Senate Bill No. 199* (1960)). In its original form, only the Attorney General could bring an enforcement action. *Gennari v. Weichert Co. Realtors,* 148 *N.J.* 582, 604, 691 *A.*2d 350 (1997). In 1971, however, the Act was amended to allow private citizens to enforce its provisions. *Ibid.* The amendment also expanded the remedies available to include treble damages along with attorneys' fees and costs.

██ The Consumer Fraud Act has three main purposes: to compensate the victim for his or her actual loss; to punish the wrongdoer through the award of treble damages, *Roberts v. Cowgill,* 316 *N.J.Super.* 33, 45, 719 *A.2d* 668 (App.Div.1998); and, by way of the counsel fee provision, to attract competent counsel to counteract the community scourge of fraud by providing an incentive for an attorney to take a case involving a minor loss to the individual. *Silva v. Autos of Amboy, Inc.,* 267 *N.J.Super.* 546, 555, 632 *A.2d* 291 (App.Div.1993). Because it is a remedial statute, its provisions are construed liberally in favor of the consumer to accomplish its deterrent and protective purposes. *Cox, supra,* 138 *N.J.* at 15–16, 647 *A.2d* 454; *Roberts, supra,* 316 *N.J.Super.* at 45, 719 *A.2d* 668; *Gennari, supra,* 148 *N.J.* at 604, 691 *A.2d* 350 (stating that "[t]he history of the Consumer Fraud Act is one of constant expansion of consumer protection").

██ The question presented here is how to reconcile the counsel fee provisions of the Consumer Fraud Act with the jurisdictional limits of the Special Civil Part. As we understand it, both the trial court and the Appellate Division ruled that, because consumer fraud counsel fees are not "costs" under *Rule* 6:1–2(c), they therefore must be part of the jurisdictional "amount in controversy" in *Rule* 6:1–2. We disagree with that conclusion for several reasons.

First, we doubt the basic conclusion that counsel fees under the Consumer Fraud Act are not to be considered costs within the meaning of the Part VI rules. To be sure, unlike some fee-shifting statutes, Consumer Fraud Act counsel fees are not explicitly denominated as costs. *See, e.g., N.J.S.A.* 10:5–27.1 (providing that prevailing party in suit under New Jersey Law Against Discrimination may be awarded reasonable attorneys' fees "as part of the costs").

The Consumer Fraud Act prescribes:

Any person who suffers any ascertainable loss of moneys or property ... as a result of the use or employment by another person of any method, act, or practice declared unlawful under this act ... may bring an action ... in any court of

competent jurisdiction. In any action under this section the court shall, in addition to any other appropriate legal or equitable relief, award threefold the damages sustained by any person in interest. In all actions under this section, including those brought by the Attorney General, the court shall also award reasonable attorneys' fees, filing fees and reasonable costs of suit.

[*N.J.S.A.* 56:8–19.]

Structurally, that statute provides clues about the appropriate characterization of Consumer Fraud Act counsel fees. It broadly distinguishes between damages on the one hand and non-damages on the other. The damages are the "ascertainable loss" (referred to in sentence one), which is to be trebled (referred to in sentence two). The non-damages are reasonable attorneys fees, filing fees and reasonable costs of suit. In fact, those are the costs that a litigant incurs in suing for a Consumer Fraud Act violation. Thus, while the Legislature did not specifically state that counsel fees are costs, it implicitly recognized counsel fees as outside the class of damages and as a component of fees and costs by lumping counsel fees, filing fees and costs together. *See Maday v. Elview–Stewart Systems, Co.,* 324 *N.W.*2d 467 (Iowa 1982) (examining structure of statute allowing counsel fees and concluding that, because such fees were grouped with costs, they were costs).

That conclusion is bolstered by our State's longstanding approach to the issue of the nature of counsel fees. For example, *Rule* 4:42–9, the general counsel fee rule, which is incorporated by reference in *Rule* 6:6–1, specifically refers to the inclusion of allowable counsel fees in "taxed costs." Further, in *U.S. Pipe & Foundry Co. v. United Steelworkers of Am.,* 37 *N.J.* 343, 181 *A.*2d 353 (1962), this Court interpreted the former counsel fee rule, *R.R.* 4:56–7, and stated that, if allowable, counsel fees "are included in the taxed costs." Additionally, as we have indicated, *N.J.S.A.* 22A:2–42 authorizes the clerk of the Special Civil Part to include an award of counsel fees in the taxed costs, where there is no other authorizing authority. Those counsel fees have been declared by the Legislature as "fees" to be "taxed" after the entry of judgment. We see no reason why counsel fees awarded under a different statute should be treated differently.

The only New Jersey case decided under a similar scheme has reached the same conclusion. In *Nieves v. Baran, supra,* 164 *N.J.Super.* at 89, 395 *A.*2d 875 (1978), the Appellate Division determined that a calculation of the then jurisdictional limit of the County District Court of $3000 (under *N.J.S.A.* 2A:6–34(a)) included the treble damages provided in the Consumer Fraud Act but did not include Consumer Fraud Act counsel fees. At the time *Nieves* was decided, the County District Court statute provided for the award of a nominal counsel fee. *N.J.S.A.* 22A:2–42. Although not expressly stated, *Nieves* likely viewed that statute, which denominated counsel fees as part of taxed costs, as dispositive of the treatment the Legislature intended to accord statutory counsel fees relative to the jurisdictional limit.[1]

Moreover a majority of the out-of-state cases which have addressed the issue have held that counsel fees, not otherwise characterized, are to be considered as costs. 20 *Am.Jur.2d Costs* § 72 (1965); *see also Easterday v. Gumm,* No. 96CA2179, 1996 *WL* 677034, at *10 (Ohio Ct.App. Nov. 15, 1996) (reasoning that attorneys' fees are costs allowed in excess of jurisdictional limit because such fees accrue after action is commenced); *Arabian v. Kearns,* 667 *P.*2d at 1030, 1040 (Or.App.1983) (stating that "a complaint that alleges an amount of damages and an amount for attorney fees, which together exceed the jurisdictional amount of the district court, should not be treated as ousting the district

---

[1] Unlike *Nieves, Wisser v. Kaufman Carpet Co.,* 188 *N.J.Super.* 574, 458 *A.*2d 119 (App.Div.1983), which was relied on by the Appellate Division, involved the Small Claims Court whose then applicable jurisdictional limit "exclusive of costs" was $1000. *N.J.S.A.* 2A:6–43. In reaching a conclusion different from *Nieves, Wisser* took particular note of *N.J.S.A.* 22A:2–42 which characterized counsel fees as taxed costs. That statute, the court observed, was not applicable to the Small Claims Court. It concluded that in the absence of a provision like *N.J.S.A.* 22A:2–42, the Small Claims statutes (N.J.S.A. 2A:18–69 to –70) allowed as costs only witness and officers' fees plus a $10 fee for a "vexatious claim." *Nieves* and *Wisser* are not in conflict. *Nieves* was decided under the statutory scheme governing the County District Court which is parallel to the scheme under review here, and *Wisser* was decided under the very different statutes governing the Small Claims Court.

court of jurisdiction."); *Bittner v. Tri-County Toyota, Inc.*, 62 *Ohio Misc.*2d 345, 598 *N.E.*2d 925 (1992)(finding attorney fee awarded under consumer fraud statute is part of costs and not subject to court's monetary jurisdictional limit).

Other courts have viewed attorneys' fees as costs because they are separate and distinct from the underlying statutory violation and are incurred to remedy the harm already done. *Ayala v. Center Line, Inc.*, 415 *N.W.*2d 603 (Iowa 1987)(refusing to consider attorney fees in determining whether jurisdictional limit had been exceeded because they are separate and distinct events giving rise to cause of action and cannot be assessed until liability is established); *Maday, supra*, 324 *N.W.*2d at 470 (explaining purpose of attorneys' fees is to reimburse employee for expenses incurred in suing to recover damages for wrongful conduct).

According to some courts, limiting attorneys' fees to the jurisdictional ceiling would discourage private attorneys from bringing cases, especially in a court of limited jurisdiction where such cases properly belong. *Bittner, supra*, 598 *N.E.*2d at 927. Finally, allowing attorneys' fees beyond the jurisdictional amount encourages parties to bring meritorious claims and to further the statutory goal of eradicating consumer fraud. *Ibid.; see also Stokus v. Marsh*, 217 *Cal.App.*3d 647, 266 *Cal.Rptr.* 90, 94 (1990)(finding that award of attorneys' fees in excess of jurisdictional limit may be essential to prevent economic intimidation).

Although there are cases that hold to the contrary, *Suber v. Chrysler Corp.*, 104 *F.*3d 578 (3d Cir.1997); *Garcia v. General Motors Corp.*, 910 *F.Supp.* 160 (D.N.J.1995), we are not persuaded by their reasoning. In particular, we note that the federal cases cited by the Appellate Division and defendant considered counsel fees as part of damages in order to *reach* the jurisdictional minimum and thus allow plaintiffs' case to proceed. *See Missouri State Life Ins.*, 290 *U.S.* 199, 54 *S.Ct.* 133, 78 *L.Ed.* 267 (1933); *see also Suber, supra*, 104 *F.*3d at 585; *Garcia, supra*, 910 *F.Supp.* at 166. Such an approach makes sense when it is used for the inclusionary purpose of permitting a litigant access to the court.

It loses its persuasive power entirely when it is applied to circumscribe a litigant's access to a court that is especially suited to his or her claims.

In short, we are satisfied that consumer fraud counsel fees can properly be characterized as costs. But they need not be, and, in this, we also part company from the courts below. It does not follow that if consumer fraud counsel fees are not costs within *Rule* 6:1–2(c), that they are necessarily part of the amount in controversy. Indeed, even if they are characterized as *sui generis*, neither damages nor true costs, they cannot, as a matter of logic, be included in the jurisdictional "amount in controversy." That phrase can refer only to the monetary damages that a plaintiff claims were sustained as a result of the defendant's actions, plus trebling. The reason is obvious. The amount of claimed monetary damages is the only amount that a litigant can calculate at the beginning of the litigation when determining whether or not to file in the Special Civil Part. What amount of counsel fees will be incurred as a result of the twists and turns of litigation is not ascertainable at that point. Those fees will accrue as the case proceeds and will indeed not even be calculable until the judgment is entered. Thus, for example, a plaintiff expecting a quick and inexpensive adjudication of his or her consumer complaint may incur hefty fees as a result of a hard fought defense by a well-heeled defendant or, as here, in defense of motions to vacate a default. Thus, the jurisdictional calculation of "amount in controversy", which can only be made at the outset, should not include counsel fees, even if they are not technically costs.

If this is not the rule, plaintiffs with consumer claims of $2500 or $3000 will be required to file in the Superior Court, with its complex discovery and calendar delay, in order to be assured that counsel fees will be paid after treble damages. Such a state of affairs would confound the purposes behind the Special Civil Part Rules, which are designed to provide "a streamlined structure and practice for the inexpensive and expeditious disposition of the

many relatively minor ... cases which make up the vast bulk of litigation in this state." *Andriola v. Galloping Hill Shopping Center,* 93 *N.J.Super.* 196, 200, 225 *A.*2d 377 (App.Div.1966). The rules governing the Special Civil Part limit the costs of instituting and trying actions, abbreviate time periods, and restrict discovery. *See R.* 6:3–1 to –4; *R.* 6:4–1 to –6; *R.* 6:5–1 to –3; *R.* 6:6–1 to –4; *R.* 6:7–1 to –3. Those devices control costs and promote the expeditious disposition of actions. *Andriola, supra,* 93 *N.J.Super.* at 201, 225 *A.*2d 377. They are perfect vehicles for litigation of actions that do not involve large sums of money.

More importantly, to include counsel fees in the "amount in controversy" will foreclose that expedited track to consumer fraud victims who will be put to the choice of participating in the expense and delay of a Superior Court action or possibly foregoing counsel fees. The Legislature, in its wisdom, viewed counsel fees as a critical arrow in the consumer fraud quiver it established to rid the marketplace of wrongdoers. Our ultimate goal in construing a statute is to ensure that the Legislature's plan is effectuated. *State v. Gill,* 47 *N.J.* 441, 444, 221 *A.*2d 521 (1966); *State v. Campobasso,* 125 *N.J.Super.* 103, 108, 308 *A.*2d 674 (Law Div. 1973). Given that, and acknowledging that the statutes and rules involved in this analysis are equivocal about the meaning of "amount in controversy", the important public policy arguments to which we have adverted are powerful considerations that lead us to conclude that consumer fraud counsel fees are not to be counted in the jurisdictional calculus for the Special Civil Part.

## III

For the reasons stated, counsel fees awarded under the Consumer Fraud Act (*N.J.S.A.* 56:8–19) are excluded from the calculation of the jurisdictional limit of the Special Civil Part. We reverse the judgment of the Appellate Division and remand the matter to the Special Civil Part for further proceedings consistent with this opinion.

*For reversal and remandment*—Chief Justice PORITZ and Justices O'HERN, GARIBALDI, STEIN, COLEMAN, VERNIERO and LONG—7.

*Opposed*—None.