**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 20-2145
_____

HAROLD M. HOFFMAN,
Appellant

v.

NISSAN INFINITI LT
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil No. 2-19-cv-01046)
District Judge: Honorable Katharine S. Hayden
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
March 19, 2021

Before: SHWARTZ, MATEY, and TRAXLER,* *Circuit Judges.*

(Filed March 23, 2021)
_____

OPINION**
_____

_____

* Honorable William B. Traxler, Circuit Judge, United States Court of Appeals for
the Fourth Circuit, sitting by designation.

** This disposition is not an opinion of the full Court and, pursuant to I.O.P. 5.7,
does not constitute binding precedent.

MATEY, *Circuit Judge*.

We consider the District Court's dismissal of Harold Hoffman's suit against Nissan Infiniti LT ("NILT") alleging violations of the New Jersey Consumer Fraud Act ("NJCFA"). Finding no error in the District Court's decision, we will affirm.

## I. BACKGROUND

Hoffman leased a car from NILT. After returning the vehicle at the end of the term, NILT sent Hoffman a bill for "excess wear and use" totaling $1,194.00. (App. at 122.) Hoffman refused to pay and filed a complaint against NILT in the Superior Court of New Jersey alleging breach of contract and fraud. Soon after, NILT waived the charges on Hoffman's account and sent Hoffman a billing statement reflecting a balance of zero. Unsatisfied, Hoffman amended his complaint to add claims under the NJCFA on behalf of a putative class.

NILT removed the matter under 28 U.S.C. § 1332(d) and moved to dismiss.[1] The District Court held that Hoffman failed to allege an "ascertainable loss" as required by the NJCFA and so granted the motion to dismiss. Hoffman now appeals,[2] and we will affirm.

## II. DISCUSSION

The NJCFA provides a private right of action to "[a]ny person who suffers any ascertainable loss of moneys or property, real or personal, as a result of the use or employment by another person of any method, act, or practice declared unlawful under this

---

[1] After NILT removed, Hoffman amended his complaint a second time. This appeal is from NILT's motion to dismiss the second amended complaint.

[2] The District Court had jurisdiction under 28 U.S.C. § 1332(d), and we have jurisdiction to review the final order of dismissal under 28 U.S.C. § 1291.

act . . . ." N.J. Stat. Ann. § 56:8–19. Stating a claim under the NJCFA requires: "(1) unlawful conduct; (2) an ascertainable loss; and (3) a causal relationship between the defendants' unlawful conduct and the plaintiff's ascertainable loss." *Int'l Union of Operating Eng'rs Loc. No. 68 Welfare Fund v. Merck & Co.*, 929 A.2d 1076, 1086 (N.J. 2007) (per curiam) (alterations omitted) (quoting *N.J. Citizen Action v. Schering-Plough Corp.*, 842 A.2d 174, 176 (N.J. Sup. Ct. App. Div. 2003)). Failure to adequately plead an ascertainable loss leads to dismissal. *See Weinberg v. Sprint Corp.*, 801 A.2d 281, 283 (N.J. 2002) ("[T]o have standing under the Act a private party must plead a claim of ascertainable loss that is capable of surviving a motion for summary judgment.").

The New Jersey Supreme Court interprets ascertainable loss under the NJCFA to require a "quantifiable or measurable" injury and "not [a] hypothetical or illusory" harm. *See Thiedemann v. Mercedes-Benz USA, LLC*, 872 A.2d 783, 792–93 (N.J. 2005). By the time that Hoffman amended his complaint to add the NJCFA claim, Hoffman owed nothing to NILT. Meaning that Hoffman's loss was not even hypothetical or illusory—it was (and remains) nonexistent. So Hoffman cannot sustain a cause of action under the NJCFA.

Hoffman offers two alternative loss calculations, neither persuasive. First, he argues for the first time on appeal that NILT threatened to report the since-waived charges to credit agencies, weakening his credit scores. But Hoffman waived this argument.[3] *Alpizar-Fallas*

---

[3] Hoffman points to a letter that NILT sent Hoffman as proof of such threat. But he never presented this letter to the District Court. *See Fassett v. Delta Kappa Epsilon (New York)*, 807 F.2d 1150, 1165 (3d Cir. 1986) (citing *Jaconski v. Avisun*, 359 F.2d 931, 936 n. 11 (3d Cir. 1966)) ("The only proper function of a court of appeals is to review the decision below on the basis of the record that was before the district court.").

*v. Favero*, 908 F.3d 910, 918 n.4 (3d Cir. 2018). And nowhere in his amended complaint does he allege such threats. Second, the attorney's fees and costs that Hoffman incurred suing NILT are not an ascertainable loss under the NJCFA. *See Lettenmaier v. Lube Connection, Inc.*, 741 A.2d 591, 594 (N.J. 1999) ("The damages are the 'ascertainable loss' . . . . The non-damages are reasonable attorneys fees, filing fees and reasonable costs of suit.").

## III. CONCLUSION

Hoffman does not allege an ascertainable loss under the NJCFA. For that reason, we will affirm the District Court's dismissal.