93 N.J. Super. 196 (1966)
225 A.2d 377
LUCILLE ANDRIOLA AND ANTHONY ANDRIOLA, HER HUSBAND, PLAINTIFFS-APPELLANTS,
v.
GALLOPING HILL SHOPPING CENTER, INC., A CORPORATION OF NEW JERSEY, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued November 14, 1966.
Decided December 8, 1966.
*198 Before Judges SULLIVAN, KOLOVSKY and CARTON.
Mr. Leslie P. Glick argued the cause for appellants (Messrs. Rubenstein & Glick, attorneys; Mr. David Friedenberg on the brief).
Mr. Gerald W. Conway argued the cause for respondent (Messrs. Schreiber, Lancaster & Demos, attorneys).
The opinion of the court was delivered by CARTON, J.A.D.
The issue presented is whether a plaintiff in a negligence action initiated in the county district court may recover greater damages than the $3,000 statutory limit by a transfer of the action after verdict to the Superior Court or County Court.
In her complaint plaintiff Lucille Andriola demanded judgment for $3,000. The jury rendered a verdict of $8,000. Thereupon the trial judge, upon his own initiative, reduced the verdict to $3,000 and directed the court clerk to enter judgment in that amount.
After verdict plaintiff moved before the county district court to transfer the action to the County Court or to the *199 Superior Court, Law Division, for the purpose of entering a judgment therein in the sum of $8,000. Defendant moved for a judgment notwithstanding the verdict or, in the alternative, for a new trial on all issues.
The trial court denied both motions and included in the order denying defendant's motion a finding that the $8,000 verdict was not excessive.
On this appeal plaintiff maintains that when the jury remanded the verdict for $8,000, the county district court lost jurisdiction of the entire cause. Plaintiff argues that thereupon, or upon her motion, the court should have transferred the cause to the County Court or Superior Court pursuant to R.R. 1:27D for the purpose of entering judgment on the verdict. Alternatively, plaintiff maintains that this court should now effect the transfer pursuant to this rule or to this court's inherent powers.
We hold that the plaintiff may not recover greater damages than the amount expressly claimed in the complaint. The $3,000 demanded is the statutory limit for such action in the county district court. Neither the statute nor the rules authorize such a transfer of the action once a verdict has been rendered so as to enable the recovery of an amount in excess of the statutory limit.
The county district courts are inferior courts of limited jurisdiction, which the Legislature may establish, alter or abolish in its discretion as the public good may require. N.J. Const. 1947, Art. VI, § I, par. 1; Friedman v. Podell, 21 N.J. 100 (1956). The pertinent constitutional provision reads:
"The judicial power shall be vested in a Supreme Court, a Superior Court, County Courts and inferior courts of limited jurisdiction. * * *" (Emphasis added)
Historically, one of the significant features of the county district courts has always been the monetary limitation placed upon their jurisdiction. The first statute dealing with district courts established such courts in and for the City of *200 Newark and provided for jurisdiction in small causes up to $100. (L. 1873, par. 245) Later statutes established similar district courts throughout the State and increased the jurisdictional limits. The law in force at the present time provides a $3,000 limit for all actions for damages in negligence cases, and $1,000 in all other suits of a civil nature at law. N.J.S. 2A:6-34.
In addition to establishing and limiting the jurisdiction of the county district courts, N.J.S. 2A:6-34 now provides in section (d) that in any action transferred from the Superior Court or County Courts, the county district court shall have jurisdiction to enter judgment in such amount as the judge or jury shall determine the damages to be, notwithstanding that such damages exceed the $1,000 or $3,000 limitation.
N.J.S. 2A:6-35(a) provides as follows:
"Where the debt, balance or other matter in dispute, or the amount really due or recoverable, exceeds, exclusive of costs, the sum or value of $1,000.00, either plaintiff or defendant may recover in a County District Court a sum not exceeding $1,000.00 and costs, except that in actions for damages resulting from negligence, either plaintiff or defendant may recover in a County District Court a sum not exceeding $3,000.00 and costs. Such recovery shall bar the recovery of the residue of such debt, balance or other matter in dispute in any court whatsoever."
The statutory scheme for the county district courts, as supplemented by the court rules, is designed to establish a streamlined structure and practice for the inexpensive and expeditious disposition of the many relatively minor personal injury, property damage and commercial causes which make up the vast bulk of the litigation in this State. Even a superficial examination of the statutes relating to the courts generally and of the special district court rules discloses many significant differences in district court procedure from those governing practice in the upper courts.
Differences in the statutes relating to district court actions include the following: considerably lower filing fees and *201 costs are charged (compare N.J.S. 22A:2-37 to 42 with N.J.S. 22A:2-6 to 28); a premium is charged when a jury is demanded (N.J.S. 22A:2-37), and a stenographer or stenographic record is not necessary unless requested and paid for by the party requesting it (N.J.S. 2A:18-15). Similar distinctive treatment of district court actions under the rules includes: an answer to a complaint is generally not required or filed (R.R. 7:5-4); pretrial procedure is not mandatory except at the discretion of the court (R.R. 7:6-3); discovery proceedings by way of interrogatories and depositions are sharply curtailed (R.R. 7:6-4A, 4B, R.R. 7:6-5); jury cases are authorized to proceed on ten days' notice and non-jury cases on seven days' notice (R.R. 7:7-3), and trials themselves are permitted to be conducted less formally, with the trial judge empowered to limit openings and summations before the jury (R.R. 7:8-4, 5).
We recognize the practical considerations involved. The lower cost of instituting and trying the actions, as well as the prompt disposition which may rightfully be anticipated in the county district court, are important considerations to prospective plaintiffs and their attorneys in the choice of that forum. In negligence and other unliquidated damage actions begun in the county district court it may reasonably be expected that they will attempt to gauge the outside limits of any prospective recovery, and will weigh these advantages against the possibility that such recovery will be in excess of the jurisdictional limit of that court.
On the other hand, the degree of monetary liability to which a case exposes the defendant generally governs the time and money to be expended in investigating the facts, seeking out and interviewing prospective witnesses, engaging in discovery, employing experts, and other matters of trial preparation.
These statutory and procedural rules and related considerations are meaningful only if the jurisdictional limitations of the county district court are deemed to be absolute limitations on the amount of recoverable damages in any action *202 originally instituted in that court, either by way of judgment in that court or in any other court, regardless of what the trier of facts may determine the actual damages to be. We understand this to be the express purpose and intent of N.J.S. 2A:6-35(a), quoted supra, which provides that even where the actual amount of damages is greater than the jurisdictional amount, a plaintiff may recover up to the jurisdictional amount, but that such recovery shall bar the plaintiff from recovering the excess "in any court whatsoever."
Indeed, the very fact that the Legislature found it necessary to amend the statute so as to confer authority on the county district courts to enter judgments in excess of the express jurisdictional limits is strongly indicative of that legislative intent. If the county district courts already had the power to effect a recovery in excess of such limits in cases initiated there, no occasion existed for conferring this authority in cases transferred to the county district court.
Plaintiff insists that R.R. 1:27D(a) confers authority on the county district court in the present case to transfer the action to the County or Superior Court:
"(a) Except as elsewhere provided in these rules, and subject to the right to be prosecuted by indictment, where any court is without jurisdiction of the subject matter of a cause or issue or where an indispensable party to the cause cannot be served within its jurisdiction, it shall, on motion or on its own initiative, order the cause, with the record and all papers on file, transferred to the proper court; and the cause shall then be proceeded upon as if it had been originally commenced in the proper court."
That rule confers the power of transfer where a court is without jurisdiction of the subject matter. Here the county district court, by virtue of the statute, in fact, had jurisdiction of the subject matter of plaintiff's action initiated there. What it lacked was power to permit a recovery in excess of the statutory limit.
The upper court, in a proper case, on motion before trial and in accordance with established practice, may *203 transfer a negligence action initiated in the county district court. Timely application for such transfer, supported by affidavit showing a reasonable likelihood that a recovery may exceed the jurisdictional limit of the county district court, is sufficient to warrant such a transfer. No such application was made in this case.
But R.R. 1:27D(a) cannot properly be interpreted to confer power on the county district court to transfer a case to the County Court or Superior Court after verdict has been rendered, merely for the ministerial act of entering a judgment on a verdict in excess of the jurisdictional limit. So to construe that rule would circumvent the statutory mandate. For all practical purposes, it would obliterate the distinction between the county district courts and the County and Superior Courts. It would destroy the "limited" nature of the county district court's jurisdiction. For like reason, R.R. 1:27D(b) may not be construed to confer that power on the appellate court.
Limited authority is also conferred on the Superior Court by R.R. 7:6-1(b) to remove an action from the county district court before trial when a defendant files a counterclaim in excess of the jurisdiction of the county district court. Even in such case, the action may not be removed except upon defendant's motion, supported by affidavit that the amount of the claim when established by proof will be greater than the monetary jurisdiction of the county district court, and a finding of the Superior Court that there is reasonable cause to believe that the party asserting the counterclaim has a reasonable chance of recovery.
In any action so removed from the county district court, or any county district court action consolidated with an action pending in the County Court or Superior Court, where the upper court action is settled or dismissed, R.R. 7:6-1(d) provides that the upper court may remand the county district court action for trial in the county district court. Subsection (d) further states that where a plaintiff in any action so transferred or consolidated is the prevailing party, the upper *204 court may remand the county district court action to the court where it was originally instituted, for the purpose of entry of judgment and taxation of costs.
The authority granted county district courts under N.J.S. 2A:6-34(d) to enter judgments in excess of the monetary jurisdictional limits in actions transferred from the County Court or Superior Court is implemented by R.R. 4:3-4. This provision of the rule places limitations on such transfer which likewise implicitly recognize the jurisdictional limitation of any action initiated in the county district court:
"(a) The court in which an action is pending may order it transferred to the county district court of the county, provided all parties waive a trial by jury and agree to be bound by the jurisdictional limits applicable to actions initially instituted in the county district court. * * *"
To adopt the interpretation of R.R. 1:27D contended for by plaintiff would do violence to the entire scheme of judicial administration and would render meaningless these carefully articulated regulations of the Supreme Court pertaining to the transfer of county district court actions. We must assume that each has significance individually and in relation to the other provisions of the rules.
None of the authorities relied upon by plaintiff lends any support to her contention in the present case. Two of the cases cited warrant comment. In Vorhies v. Cannizzaro, 66 N.J. Super. 551 (App. Div. 1961), defendant appealed from an interlocutory order of the county district court granting a new trial after a jury verdict of no cause for action. The Appellate Division held that the jury verdict for defendant was proper and should be reinstated. The court observed that the complaint demanded damages in the sum of $5,000; a new trial or even a dismissal might enable plaintiffs to reinstitute their suit. They were not entitled to such a result, and it was necessary in order to protect defendant to remand the matter to the County Court for the purpose of entering final judgment in his favor. Such disposition was unquestionably *205 an equitable one under the circumstances. On no hypothesis may it be regarded, however, as precedent for the recovery by a plaintiff in an action instituted in the county district court of a greater amount than that court's monetary jurisdiction.
In Ricciardi v. Rabin, 79 N.J. Super. 7 (App. Div. 1963), six separate claims by five different plaintiffs were all brought in one action in the county district court. The jury's award on each of the claims was less than the jurisdictional amount, but the aggregate of the awards was $12,000. The Appellate Division affirmed, holding that the separate claims of the separate plaintiffs were not to be aggregated for jurisdictional purposes. That determination is entirely consistent with the conclusion of the court in this case. The doctrine of the Ricciardi case has now been expressly incorporated in the statute. See N.J.S. 2A:6-34.1.
Affirmed.