152 N.J. Super. 278 (1977)
377 A.2d 960
MICHAEL O. KNOX, PLAINTIFF,
v.
WILLIAM E. KRAUSE, CLERK OF SOMERSET COUNTY DISTRICT COURT, DEFENDANT.
Superior Court of New Jersey, Law Division.
Decided July 22, 1977.
*280 Mr. Mark S. Anderson for plaintiff (Messrs. Woolson, Guterl, Sutphen & Anderson, attorneys).
Mr. George A. Mauro, Jr. for defendant (Messrs. Ozzard, Rizzolo, Klein, Mauro & Savo, attorneys).
LUCAS, J.C.C., Temporarily Assigned.
This is an action in lieu of prerogative writs seeking an order requiring defendant Clerk of the Somerset County District Court to accept and file a disorderly persons complaint.
The facts are not in dispute. On or about August 6, 1975 plaintiff Michael O. Knox appeared at the office of defendant William E. Krause, Clerk of the Somerset County District Court, with Complaint No. S-373778, charging a violation of N.J.S.A. 2A:170-26. Krause was requested to administer the oath to Knox, witness his signature and file the complaint. Krause refused on the grounds that the county *281 district court does not have jurisdiction to hear disorderly persons offenses.
Plaintiff contends essentially that N.J.S.A. 2A:6-37 confers jurisdiction upon the county district courts, concurrent with that of the municipal courts, to hear disorderly persons matters and mandates the exercise of said concurrent jurisdiction. Counsel for defendant have not submitted a brief, nor did they present any defense at the hearing in this matter. However, defendant's pretrial memorandum states the position that the Somerset County District Court has never exercised its criminal jurisdiction and said exercise has never been approved by the Chief Justice of our Supreme Court.
The Constitution of New Jersey vests in the Legislature the authority to establish the jurisdiction of the county district court. N.J. Const. (1947); Art. VI, § I par. 1:
The judicial power shall be vested in a Supreme Court, a Superior Court, County Courts and inferior courts of limited jurisdiction. The inferior courts and their jurisdiction may from time to time be established, altered or abolished by law.
As the Appellate Division held in Andriola v. Galloping Hills Shopping Center, Inc., 93 N.J. Super. 196 (App. Div. 1966):
The county district courts are inferior courts of limited jurisdiction, which the Legislature may establish, alter, or abolish in its discretion as the public good may require. [at 199]
The Legislature has defined the subject matter jurisdiction of the county district courts in N.J.S.A. 2A:6-34 et seq. The court is concerned here with N.J.S.A. 2A:6-37 through N.J.S.A. 2A:6-40, which spell out the criminal jurisdiction of the county district courts.
N.J.S.A. 2A:6-37 provides:
County district courts shall have and exercise concurrently with the municipal courts the criminal jurisdiction conferred upon said courts.
*282 There is no question but that the municipal courts have jurisdiction of disorderly persons offenses occurring within their territorial limits. N.J.S.A. 2A:8-21(d). The issue here, therefore, is whether the exercise of concurrent criminal jurisdiction authorized by N.J.S.A. 2A:6-37 is permissive or mandatory.
The court's sole responsibility in interpreting statutes is "to effectuate the legislative goal to the extent provided by the statutory provisions." State v. Fearick, 69 N.J. 32, 37 (1976). See also, Mason v. Civil Serv. Comm'n, 51 N.J. 115, 126 (1968). Unless another or different meaning it expressly indicated, statutory words should be given their generally accepted meaning. N.J.S.A. 1:1-1. See N.J. Prop.-Liab. Ins. Guar. Co. v. Sheeran, 137 N.J. Super. 345, 352 (App. Div. 1975); Service Armament Co. v. Hyland, 131 N.J. Super. 38, 46 (App. Div. 1974).
The statute here at issue directs that county district courts "shall have and exercise" concurrent criminal jurisdiction with the municipal courts (emphasis added). Ordinarily, the statutory use of the word "shall" is mandatory or imperative while use of the word "may" is permissive or directory. Harvey v. Essex Cty. Bd. of Freeholders, 30 N.J. 381, 391-92 (1959); Tenafly v. Centex Homes Corp., 139 N.J. Super. 490, 499 (Law Div. 1976); Society for Animal Rights, Inc. v. Mahwah, 138 N.J. Super. 322, 339 (Law Div. 1975). Absent a clear indication of legislative intent in the purpose and context of the statute compelling a contrary understanding, the courts will so construe these terms. Harvey, supra; Borough of Tenafly, supra; Society for Animal Rights, supra.
The language of N.J.S.A. 2A:6-37 is clear; there is no indication in the statutory scheme that this court has discovered or that has been cited by counsel that would indicate a contrary legislative purpose. The court must, therefore, give the word "shall" its ordinary statutory meaning and hold that N.J.S.A. 2A:6-37 is mandatory and imperative *283 in its direction that the county district courts exercise concurrent criminal jurisdiction with the municipal courts.
The court should at this point note N.J.S.A. 2A:6-38 and N.J.S.A. 2A:6-40, which provide that the county district court may be divided into civil and criminal parts and that where such division occurs the exercise of the criminal jurisdiction of the court may be exercised only by such parts as shall be approved for that purpose by the Chief Justice. These sections do not indicate to this court that the exercise of criminal jurisdiction by a single-part county district court requires the approval of the Chief Justice. On the contrary, the existence of such an approval provision in N.J.S.A. 2A:6-40 would lend weight to the interpretation that the absence of such a provision in N.J.S.A. 2A:6-37 is intentional.
Having held that the Somerset County District Court is required by statute to exercise criminal jurisdiction, the court is mindful that such a ruling puts a substantial burden on county district courts and their administrative personnel. Admittedly, they are not presently set up to handle criminal matters. For this reason it is the ruling of the court that defendant clerk has a period of 12 months in which to prepare a plan whereby the Somerset County District Court will be able to accept and process criminal complaints. Thereupon, this court will set a timetable, if necessary, for the implementation of such a plan.