KAHN, J.T.C.
This is the court's opinion with respect to the parties’ cross-motions for summary judgment involving a franchise tax assessment made by the Director of the Division of Taxation (Division) pursuant to N.J.S.A. 54:29A-14 for tax years 1996 through 1999.
Taxpayer contends that the Division based its franchise tax computation on property which is neither owned nor operated by taxpayer, nor part of taxpayer’s New Jersey rail system. Taxpayer argues that the franchise tax assessment should be calculated according to the actual amount of track over which it operated in a particular year.
Taxpayer was created by the Regional Rail Reorganization Act of 1973. Initially, taxpayer was required to provide both freight and passenger services. In 1981, pursuant to the Northeast Rail *217 Act of 1981, Congress required taxpayer to transfer all of its commuter service responsibilities to one or more entities whose principal purpose is the provision of commuter services. Pursuant to this Act, taxpayer and New Jersey Transit along with AMTRAK entered into a trackage rights agreement to allow taxpayer to operate its freight service over certain miles of their tracks.
Annually, taxpayer must file a “Class I Railroad Annual Report” to the Surface Transportation Board (STB), its successor, and the Interstate Commerce Commission (ICC). This report reflects all miles of track over which taxpayer has trackage rights, whether owned or operated by taxpayer.
Prior to tax year 1996, taxpayer reported all miles of track over which taxpayer has the right to operate, whether or not taxpayer actually operated over the track miles. Therefore, all the miles were included in the calculation of the franchise tax assessment. Taxpayer alleges that this was in fact a mistake on its part which was corrected in the reports filed after 1996, in which taxpayer only reported miles over which it had actually operated. However, the Division continued to include in its calculation of the franchise tax assessment all miles of track for which taxpayer had trackage rights for tax years 1996 through 1999. Taxpayer appeals the assessment for those tax years.
Both parties have filed cross-motions for summary judgment alleging that there is no genuine issue as to any material fact. The Division also seeks additional discovery in the event its motion for summary judgment is denied. It appears from the moving papers and oral arguments that, in reality, both parties are asking this court to determine the method of calculation of the franchise tax assessment pursuant to N.J.S.A. 54:29A-14. More specifically, the actual dispute involves the interpretation of the term “operate” within the statutory language of N.J.S.A. 54:29A-14. Specifically, N.J.S.A. 54.29A-14 states in pertinent part the following:
For the purpose ol‘ this article, net railway operating income shall be computed as total railway operating revenues from all sources, including any revenue whatever derived directly or indirectly from property which is used for railroad purposes, less costs
*218 For the purpose of determining the measure of the tax imposed by- this act, net railway operating income of each system, and of each railroad not part of a system, shall be allocated to this State in the proportion that the number of miles of all track over'iihich the railroad or system operates in this State bears to the total number of miles of all track over which it operates.
Thus, franchise taxes are calculated using the following allocation equation:
New Jersey System Miles (numerator) = % to New Jersey x net operating income = franchise tax Total System Miles in U.S. (denominator)
Taxpayer argues that the statute directs the eálculation of franchise tax to be based upon the “net operating income” and the amount of track miles over which a railroad has operated. Taxpayer contends that the amount of track miles operated means trackage that has actually been utilized by the taxpayer, not trackage miles that taxpayer has the mere right to use in any given year. Taxpayer argues that the clear language of the statute directs the Division to calculate the franchise tax in accordance with track miles that were actually operated as opposed to trackage miles on which taxpayer has the right to operate. Furthermore, taxpayer alleges that it was the legislative intent for the franchise tax to be based upon revenue earned by taxpayer. The Supreme Court of New Jersey gave some insight into the legislative intent of the railroad tax law which was amended in 1948, when the Court stated:
It must be remembered that the new method provided by the Legislature for taxing railroad property used in transportation sendee in this State was designed to give some measure of relief to the railroad companies in poor earning years and it gives the State an additional return in good earning years.
[Central R.R. Co. of New Jersey v. Division of Tax Appeals, 8 N.J. 15, 20, 83 A.2d 527 (1951), appeal dismissed, 342 U.S. 936, 72 S.Ct. 557, 96 L.Ed. 697 (1952)].
Taxpayer argues that, if it is not using tracks for which it has trackage rights, it is not deriving any revenue from those unused tracks. Unused tracks, therefore, should not be included in the calculation of the franchise tax.
The Division argues that trackage rights, whether or not actually utilized by taxpayer, are an integral component of its New *219 Jersey operations and therefore should be included in both the numerator and denominator of the allocation equation for purposes of assessing the franchise tax. The Division contends that the word “operate” has a technical meaning in the railroad industry meaning track miles over which taxpayer operates including all of the trackage rights at issue whether or not actually used by taxpayer in a given year.
This court finds the definition of “operate” to be a question of law which this court can determine; however, such determination will not dispose of the motions before this court. For example, if this court determines that the method of calculation of the franchise tax is as argued by taxpayer, the Director still disputes the amount of trackage miles actually utilized by taxpayer and requests additional discovery regarding actual use of the track miles in dispute. This situation, in actuality, converts the legal aspect of the motions to a motion for partial summary judgment.
Summary judgment should be granted where “the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact challenged and that the non-moving party is entitled to a judgment or order as a matter of law.” R. 4:46-2. In Brill v. Guardian Life Ins. Co. of Am., 142 N.J. 520, 666 A.2d 146 (1995), our Supreme Court revised the summary judgment standard and articulated,
[W|hen deciding a motion for summary judgment under Rule 4’46-2, the determination whether there exists a genuine issue with respect to a material fact challenged requires the motion judge to consider whether the competent evidential materials presented, -when viewed in the light most favorable to the non-moving party in consideration of the applicable evidentiary standard, are sufficient to permit a rational factfinder to resole the alleged disputed issue in favor of the non-moving party.
[Id. at 523, 666 A.2d 146.]
Furthermore, “[t]he court must accept as true all the evidence which supports the position of the party defending against the motion and must accord him or her the benefit of all legitimate inferences which can be deduced therefrom, and if reasonable minds could differ, the motion must be denied.” Id. at 535, 666 *220 A.2d 146, citing Pressler, Current N.J. Court Rules, comment on R.4:40-2 (1991) (alternation in original) (other citations omitted).
For the foregoing reasons, this court grants partial summary judgment in favor of the taxpayer, deciding only the legal issue of the definition of the term “operate”. This court finds as a matter of law the legal definition of the term “operate” for the computation of the railroad franchise tax to mean all trackage miles that are actually operated over by taxpayer. N.J.S.A. 54:29A-14 clearly directs that the calculation of the franchise tax be based solely on the “net operating income” and the amount of track miles over which a railroad has actually operated. “[W]here statutory language is clear, courts will enforce the statute according to its terms.” In Re Vulcan Materials Co., ECRA Case No. 81379, 225 N.J.Super. 212, 220, 542 A.2d 25 (App.Div.1988). Here the statutory language is very clear. The franchise statute solely deals with net operating income generated by the railroad on track miles over which the railroad operates. If the Legislature intended the statute to mean revenue generated from the right to use tracks, it would have clearly replaced the term “operates” with “right to operate” in N.J.S.A. 54:29A-14.
“The court’s sole responsibility in interpreting statutes is to ‘effectuate the legislative goal to the extent provided by the statutory provisions.’ ” Knox v. Krause, 152 N.J.Super. 278, 282, 377 A.2d 960 (Law Div.1977) (citations omitted). N.J.S.A. 1:1-1 requires that words in statutes be given then generally accepted meaning unless the manifest intent of the Legislature requires otherwise or another meaning is expressly indicated. N.J.S.A. 1:1-1 states the following rule of general construction:
In the construction of the laws and statutes of this state, both civil and criminal, words and phrases shall be read and construed with their context, and shall, unless inconsistent with the manifest intent of the legislature or unless another or different meaning is expressly indicated, be given their generally accepted meaning, according to the approved usage of the language. Technical words and phrases, and words and phrases having a special or accepted meaning in the law, shall be construed in accordance with such technical or special and accepted meaning.
[N.J.S.A. 1:1-1.]
*221 If the Legislature intended N.J.S.A. 54:29A-14 to require the Division to include trackage rights in the determination of the franchise tax assessment, the Legislature would have included the terms “right to operate” in the statute.
The Supreme Court has stated in Central R.R. Co. of N.J. v. Div. of Tax Appeals, supra, 8 N.J. at 20, 83 A.2d 527, that, when N.J.S.A. 54:29A-14 was amended in 1948, the purpose was to give some measure of relief to the railroad companies in poor earning years and give the State an additional return in good earning years. Unused track cannot provide taxpayer with any revenue; therefore, it should not be included in the computation of the franchise tax assessment
Taxpayer’s motion for partial summary judgment is therefore granted. The Division’s motion for summary judgment is denied. The Division’s motion to compel discovery is granted because there exist genuine issues of material fact as to the extent of trackage miles actually utilized by taxpayer in New Jersey.