871 A.2d 146 (2005)
376 N.J. Super. 580
Dennis KELLAM, Plaintiff-Respondent,
v.
John FELICIANO and Feliciano General Contractors, Defendants-Appellants.
No. A-1374-04T2.
Superior Court of New Jersey, Appellate Division.
Argued March 16, 2005.
Decided April 21, 2005.
Cindy Nan Vogelman, Secaucus argued the cause for appellants (Chasan, Leyner & Lamparello, attorneys; Ms. Vogelman, of counsel; Ms. Vogelman and Nicole R. Chhabria, on the brief).
Dennis G. Polizzi, Wyckoff, argued the cause for respondent (Marc A. Ross, of counsel; Mr. Polizzi, on the brief).
Frances A. Tomes, East Brunswick, argued the cause for amicus curiae ATLA-NJ (Tortoreti, Tomes & Callahan, attorneys; Ms. Tomes, on the brief).
Before Judges FALL, PAYNE and C.S. FISHER.
The opinion of the court was delivered by
FISHER, J.A.D.
This appeal requires that we consider whether trial judges may authorize the use of discovery procedures  beyond those expressly permitted by rule  in Special Civil Part personal injury actions. Informed by notions of fundamental fairness, we conclude *147 that a trial judge may order a plaintiff to answer Form A interrogatories, to submit to an independent medical examination, or to be deposed, or any suitable combination thereof, upon determining that any limitations in the extent of discovery expressly permitted by the Special Civil Part rules inequitably restrict the flow of pretrial information, as occurred in the case at hand.
In this action, plaintiff alleged that, on July 18, 2003, a vehicle owned by defendant Feliciano General Contractors, and driven by defendant John Feliciano, was negligently operated and rear-ended his vehicle on Route 46 in Clifton. Plaintiff filed a complaint in the Special Civil Part, alleging that defendants' negligence proximately caused permanent injuries to his neck and nervous system, and that he has and will continue to suffer great physical pain and loss of income. By lodging this action in the Special Civil Part, plaintiff acceded to a $15,000 limitation on his potential recovery in exchange for the promise of a speedy resolution of his claim. It is also apparent that plaintiff sought to take advantage of what defendants complain to be the Barmecidal discovery available to defendants in Special Civil Part personal injury actions.
When defendants filed their answer to the complaint, they demanded answers to Form A interrogatories.[1] Plaintiff, in fact, answered those interrogatories, indicating his claim of two bulging discs and providing two reports from a pain management specialist, two reports from a radiologist, and one report from a chiropractor. Defendants responded by noticing plaintiff's deposition and demanding that he appear for a medical examination. Plaintiff refused, asserting that such discovery devices are not permitted in the Special Civil Part. The trial judge agreed, and we granted leave to appeal to consider whether a defendant in a Special Civil Part personal injury action should be limited to the discovery methods expressly recognized by the rules applicable to that forum.
We commence our consideration of this problem by first acknowledging that the Special Civil Part rules were designed to permit a rapid and streamlined forum for minor disputes. Lettenmaier v. Lube Connection, Inc., 162 N.J. 134, 143-44, 741 A.2d 591 (1999); Andriola v. Galloping Hill Shopping Ctr., 93 N.J.Super. 196, 200, 225 A.2d 377 (App.Div.1966); Pressler, Current N.J. Court Rules, comment on R. 6:4-3 (2005). Thus, the rules only expressly authorize a small variety of discovery methods and provide a short period of time for their accomplishment.
R. 6:3-1 delineates those Part IV provisions applicable to Special Civil Part matters, but makes no mention of the broad discovery rules utilized in "upper court" cases. Instead, the modes of discovery expressly permitted are set forth in R. 6:4-3 to -5. As will be seen, these rules expressly limit the scope of interrogatories, practically eliminate the opportunity to take depositions, and are silent on a defendant's right to obtain an independent medical examination.
As for interrogatories, R. 6:4-3(b) states that in an "automobile negligence or personal injury action" brought in the Special Civil Part, a party "may propound interrogatories *148 only by demanding, in the initial pleading, that the opposing party answer the appropriate standard set of interrogatories set forth in Forms C, C(1) through C(4), D, and E of Appendix II to these Rules, specifying to which set of interrogatories answers are demanded and to which questions, if less than all in the set." R. 6:4-3(b). Only Form E contains questions to be answered by plaintiffs. The other form interrogatories expressly referenced in R. 6:4-3(b) are to be answered (when demanded) only by defendants.
Form E includes interrogatories that, for the most part, relate to vehicle ownership, insurance coverage, the manner in which the accident occurred, and the names of persons with knowledge of the "facts relating to the collision or case." None of the Form E interrogatories requires a plaintiff to divulge information of physical injuries, complaints, and limitations, except to the extent that a plaintiff must, when demanded, identify experts who may testify at trial and provide copies of expert reports. Appendix II, Form E, interrogatory no. 23.
Form A interrogatories, on the other hand, seek information about the nature of a plaintiff's injuries and physical complaints. But R. 6:4-3(b) does not include Form A as a set of interrogatories that may be demanded in the Special Civil Part. Instead, a defendant is relegated to R. 6:4-3(b), which provides that "[a]dditional interrogatories may be served [but] only by court order upon motion on notice, made within the 30-day period, for good cause shown, and on such terms as the court directs." Accordingly, a defendant may obtain answers to Form A interrogatories only by filing a motion and demonstrating "good cause."[2]
As for depositions, R. 6:4-4 states in full:
If a party or a material witness in any action or proceeding resides outside this State, or is within this State but is physically incapacitated or about to leave this State, the person's deposition may be taken in accordance with R. 4:10 and 4:12 to 4:16, inclusive on leave of court granted with, or for good cause, without notice.
We interpret the literal meaning of this rule as did the trial judge. Permission to take a deposition in the Special Civil Part requires a determination that the deponent be "a party or a material witness" who either resides outside New Jersey or, if a New Jersey resident, is "physically incapacitated or about to leave" New Jersey. A fair interpretation of this rule suggests only that, absent these particular circumstances, depositions may not be taken in Special Civil Part matters.
We also recognize that the Special Civil Part rules do not mention R. 4:19,[3] and, thus, would appear to reveal an intention to preclude a medical examination of a plaintiff. By way of comparison, it is certain that a party may serve requests for admissions and requests for the production of documents or things because the Special Civil Part rules so indicate. See R. 6:4-3(c) *149 ("The provisions of R. 4:22 ... shall apply to actions in the Special Civil Part."); R. 6:4-3(d) ("The provisions of R. 4:18 ... shall apply to actions in the Special Civil Part."). But there is no similar provision that states that R. 4:19 applies in the Special Civil Part.
As can be seen, the Special Civil Part discovery rules, as they may at times apply to personal injury actions, do not expressly authorize the use of the more probative discovery devices routinely utilized in "upper court" cases. In actions such as the case at hand, a defendant's pursuit of discovery into a plaintiff's personal injuries and physical complaints may be hobbled if limited to the precise terms of these rules, as evidenced by the fact that answers to Form A interrogatories may not be obtained without court approval based on good cause shown, R. 6:4-3(b); the right to depose a plaintiff is not expressly recognized unless the plaintiff is a non-resident, incapacitated, or about to leave New Jersey, R. 6:4-4; and the rules, through their silence, inferentially preclude a defendant's right to demand that plaintiff undergo a medical examination. All that these rules expressly allow a defendant in such circumstances is the right to obtain the names of plaintiff's experts and their reports. A defendant could also demand the production of documents relating to such injuries or complaints, see R. 6:4-3(d), but we question how meaningful that discovery device might prove in most cases.
As a result, it may plainly be seen that in personal injury cases, the Special Civil Part rules may, at times, allow for an imbalanced exchange of pretrial information that tends to disadvantage defendants. While plaintiff is free to leisurely marshal evidence over the course of the two years before a claim must be filed or be time-barred,[4] defendants, upon being served with process, are provided only with the right to invoke the marginal discovery requests expressly permitted by the Special Civil Part rules prior to trial and must complete their efforts within the brief time for discovery dictated by R. 6:4-5.[5] Without an opportunity for greater discovery, defendants may, at times, be precluded from gaining insight into a plaintiff's claims beyond what may be disclosed in expert reports or what may be voluntarily provided. The limited discovery regarding plaintiff's physical injuries and complaints  if the rules' literal terms mark the absolute limits of discovery  may not be tested through depositions or rebutted by a defense expert armed with the opportunity to examine plaintiff. Certainly, a defendant is not precluded from retaining a medical expert, but, in the absence of the requirements of R. 4:19, that expert would be restricted to an examination of the plaintiff's expert reports and any available x-rays, MRIs, or other similar documentation. When so limited, the persuasiveness of a defense expert's opinion may often be unfairly undermined.[6] Although a plaintiff's experts may render opinions based on their treatment or examinations of the plaintiff, defense experts are left with what they may perceive only from reading reports, films or other documentation. *150 In such an environment, a jury's ability to reach a just result may tend to be impaired by an imbalanced and incomplete picture of the parties' claims and defenses.
We are persuaded that, if left only to the mode and extent of discovery expressly permitted by the Special Civil Part rules, the exchange of pretrial information may, on occasion, be significantly skewed in favor of plaintiffs. Consequently, we must consider whether the rules imbue judges with the discretion to alleviate such circumstances and to permit discovery beyond the express terms of the Special Civil Part rules.
We find that authority in R. 1:1-2. While we continue to adhere to the notion that resort to this rule should be sparing, Ricci v. Corporate Exp. of the East, 344 N.J.Super. 39, 47-48, 779 A.2d 1114 (App.Div.2001), certif. denied, 171 N.J. 42, 791 A.2d 220 (2002); Oliviero v. Porter Hayden Co., 241 N.J.Super. 381, 387, 575 A.2d 50 (App.Div.1990), we conclude that the scope of pretrial discovery in Special Civil Part personal injury cases may, at times, be so unfairly slanted in favor of plaintiffs that any resulting injustice should be addressed through the application of this rarely-invoked font of discretion.
R. 1:1-2 declares that "[u]nless otherwise stated, any rule may be relaxed or dispensed with by the court in which the action is pending if adherence to it would result in an injustice." As indicated above, the rules define the discovery that is permissible in Special Civil Part actions but they do not expressly  only, perhaps, inferentially  preclude the possibility that other discovery might be allowed to avoid injustices that may, at times, arise. Since the applicable provisions of the Special Civil Part rules have not "otherwise stated" that discovery beyond its express terms is not permitted or that the terms of the Special Civil Part discovery rules may not be "relaxed," then we are satisfied that, in appropriate circumstances, a trial judge may permit the use of other discovery devices, or the more expansive use of the expressly permitted modes of discovery, in order to provide an adequate flow of information to defendant. Through a careful and reasoned application of the discretion permitted by R. 1:1-2, a trial judge may require a plaintiff to answer Form A interrogatories, permit depositions to be taken, or compel a medical examination of plaintiff, or even, when necessary, allow all these things.
The outermost limit to which such discovery proceedings may extend must ultimately be gauged in the light of the insightful comments made by then Judge (later Justice) Jacobs over fifty years ago:
Procedural rules should not in themselves be the source of any extensive litigation; they should be subordinated to their true role, i.e., simply a means to the end of obtaining just and expeditious determinations between the parties on the ultimate merits.
[Tumarkin v. Friedman, 17 N.J.Super. 20, 26-27, 85 A.2d 304 (App.Div.1951), certif. denied, 9 N.J. 287, 88 A.2d 39 (1952) (citing Vanderbilt, The New Rules of the Supreme Court on Appellate Procedure, 2 Rutgers L.Rev. 1, 18 (1948)).]
Our appellate courts have steadfastly adhered to this vision of the rules. Ragusa v. Lau, 119 N.J. 276, 283-84, 575 A.2d 8 (1990); Crescent Park Tenants Ass'n v. Realty Equities Corp. of N.Y., 58 N.J. 98, 107-08, 275 A.2d 433 (1971); Handelman v. Handelman, 17 N.J. 1, 10, 109 A.2d 797 (1954); Ponden v. Ponden, 374 N.J.Super. 1, 11, 863 A.2d 366 (App.Div.2004), certif. denied, ___ N.J. ___, ___ A.2d ___ (2005); James v. Arms Tech., Inc., 359 N.J.Super. 291, 321, 820 A.2d 27 (App.Div.2003); Priolo v. Compacker, Inc., 321 N.J.Super. 21, 30, 728 A.2d 239 (App.Div. *151 1999); see also Stone v. Old Bridge, 111 N.J. 110, 125, 543 A.2d 431 (1988) (Clifford, J., dissenting). Illuminated by this overarching objective of the rules of civil procedure, our determination that additional discovery may be permitted beyond the express terms of the Special Civil Part rules does not conflict with  but instead necessarily augments  the ultimate goal that cases be fairly and even-handedly adjudicated.
By the same token, we caution that such additional discovery should not result in blurring the distinction between "upper court" and Special Civil Part personal injury actions. An enhancement, in these circumstances, of discovery in the Special Civil Part must tempered by close adherence to that forum's discovery time limits. When permitted, such additional discovery should be commenced and completed within the time frame contained in R. 6:4-5. The former county district courts (predecessors to the Special Civil Part) were "designed to establish a streamlined structure and practice for the inexpensive and expeditious disposition of the many relatively minor personal injury, property damage and commercial causes which make up the vast bulk of the litigation in this State." Andriola, supra, 93 N.J.Super. at 200, 225 A.2d 377. This understanding, as we have now held, does not preclude the employment of such procedures necessary to avoid the unequal access to pretrial information. Instead, in insuring that Special Civil Part litigants have adequate and equal access to information, the discretion to allow discovery beyond the express parameters of the Special Civil Part discovery rules must be exercised in a way that still produces efficient and expeditious dispositions. Lettenmaier, supra, 162 N.J. at 143-44, 741 A.2d 591. In other words, today's decision springs from the notion that "essential justice is better achieved when there has been full disclosure so that the parties are conversant with all the available facts," Jenkins v. Rainner, 69 N.J. 50, 56, 350 A.2d 473 (1976),[7] while remaining grounded in our recognition that the Special Civil Part must remain a viable and inviting forum for the prompt adjudication of minor disputes. In weighing a party's request for discovery beyond the express terms of the Special Civil Part rules, a trial judge must consider not only the sufficiency of the information already provided but also its impact upon the speed, efficiency and cost of the litigation.
In returning to the case at hand, we reverse and remand for the trial court's consideration of the extent to which defendants should be permitted additional discovery. We note that, while not expressly permitted, defendants demanded that plaintiff answer Form A interrogatories and, while not expressly obligated, plaintiff voluntarily provided answers to those interrogatories. Notwithstanding, we agree with defendants that this information alone is not enough to render just the ultimate disposition of this suit. Without additional discovery, defendants will be unfairly precluded from learning, prior to trial, the extent and specifics of plaintiff's physical complaints and alleged limitations, and will be unable to gather meaningful evidence as to the legitimacy of these claims. We leave to the trial judge, upon considering *152 the further submissions of the parties on remand, whether either a deposition or a medical examination of plaintiff, or both, should be permitted. If allowed, the trial judge should set a short time frame for the completion of any such discovery. The trial judge may also consider, if a deposition is allowed, whether there should be a limitation as to its duration or content.
Reversed and remanded for further proceedings in conformity with this opinion. We do not retain jurisdiction.[8]
NOTES
[1] Form A includes, among others, questions that seek plaintiff's version of the accident, the accident's claimed impact on plaintiff's physical condition and employment status, the expenses incurred for medical care, the extent of any loss of income, the names of eyewitnesses or persons with relevant information, the substance of any party's admissions, the content of any statements obtained relating to the matter in dispute, and the names of experts and the content of their opinions.
[2] The failure of R. 6:4-3(b) to require, without motion, a plaintiff's answers to Form A interrogatories is surprising and, we believe, unintended. Neither the parties nor the amicus curiae, nor our own research, has disclosed any reason why the rule does not require a plaintiff in a personal injury Special Civil Part matter to answer these highly relevant interrogatories.
[3] R. 4:19 states, in part, that "[i]n an action in which a claim is asserted by a party for personal injuries or in which the mental or physical condition of a party is in controversy, the adverse party may require the party whose physical or mental condition is in controversy to submit to a physical or mental examination by a medical or other expert," and outlines the procedure and timing of such a request.
[4] Here, plaintiff filed suit shortly before the first anniversary of the accident.
[5] Unless interrupted by arbitration or mediation, R. 6:4-7, or extended upon good cause shown, discovery must be completed within 90 days of the date of service of the defendant's answer, R. 6:4-5.
[6] Experience dictates that an expert deprived of the opportunity to examine a plaintiff would be hard-pressed to convince a jury of the accuracy of his or her opinion and would be extremely, and unfairly, rendered vulnerable to cross-examination designed to point out the experts' lack of scrutiny into plaintiff's physical condition.
[7] Another salutary effect of a greater availability of discovery is the improvement of the atmosphere for the settlement of such claims. Other than settlements resulting from the fear of the unknown, we believe that settlements are more likely to be fostered by the turnover of adequate information as to a plaintiff's physical condition and complaints. Thus, our holding presents yet another rationale for recognizing a trial judge's discretion to permit additional discovery.
[8] While we have not been provided with any enlightening empirical data, we suspect that the 2002 increase of the jurisdictional limit to $15,000 may have caused a marked increase in the filings of similar cases in the Special Civil Part that has now led to a keener focus on the Special Civil Part's discovery rules. We respectfully recommend that the Civil Practice Committee consider whether these rules should be re-examined in light of the circumstances outlined in this opinion.