**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2459-23

AGOSTINO & ASSOCIATES,
P.C.,

     Plaintiff-Appellant,

v.

J. RAPAPORT WOOD FLOORING
LLC,

     Defendant-Respondent.

_____

Submitted December 18, 2024 – Decided January 8, 2025

Before Judges Mayer and Rose.

On appeal from the Superior Court of New Jersey, Law Division, Bergen County, Docket No. DC-007626-23.

Agostino & Associates, PC, appellant pro se (Frank Agostino, on the brief).

Respondent has not filed a brief.

PER CURIAM

     Plaintiff Agostino & Associates, P.C. appeals from a January 5, 2024 order compelling it to provide discovery to defendant J. Rapaport Wood

Flooring, LLC by a date certain and a March 1, 2024 order dismissing its complaint with prejudice. For the following reasons, we affirm in part and reverse and remand in part.

Defendant retained plaintiff, a law firm, to render legal services and advice regarding tax matters. Claiming it was owed money for legal work on behalf of defendant, plaintiff filed a lawsuit in the Special Civil Part. In its complaint, plaintiff alleged defendant owed $7,748.30 for legal services. Defendant filed an answer on August 28, 2023, and requested "true and correct copies of any and all documents or papers referred to in . . . [p]laintiff's [c]omplaint within five . . . days." About one month after defendant filed its answer and discovery demand, plaintiff agreed to produce documents, but failed to do so. Consequently, defendant served an October 18, 2023 formal written discovery demand. Plaintiff failed to comply with that request.

Because plaintiff failed to provide discovery, defendant filed a motion to dismiss the complaint without prejudice. On November 17, 2023, the judge denied defendant's motion to dismiss, in part, because defendant failed to include the mandatory notices required under Rule 6:3-3(c)(2) and (3).

Defendant filed a second motion to dismiss plaintiff's complaint without prejudice for failure to provide discovery. On January 5, 2024, the judge heard

argument on defendant's second motion. The judge noted defendant's demand for discovery under Rule 6:4-3A was untimely.

However, the judge found defendant's discovery requests related to the disputed legal bills were "proportional to the substance of the complaint that [plaintiff] brought against [defendant]." The judge concluded defendant sought to obtain its legal file from plaintiff to compare the information in that file to plaintiff's invoices for legal services. Because plaintiff filed suit against defendant, the judge required plaintiff to produce all relevant documents in support of its demand for payment and rejected plaintiff's argument that the discovery requests were burdensome.

Although the judge denied defendant's motion to dismiss the complaint, his January 5, 2024 order included the following its notation:

> Plaintiff to provide [defendant] complete answers to interrogatories[,] including files, memos, letters, calls, logs, and every complete file that is the subject of plaintiff's billing within two weeks; and
>
> Plaintiff to provide [curriculum vitae of] Frank Agostino within two weeks; and
>
> No further discovery.

On the March 1, 2024 oral argument record, the judge recalled he directed plaintiff in his January 5 order to provide to defendant "every single thing inside

every single file that is the subject of the lawsuit for the [unpaid bill]." During the January 5, 2024 argument, the judge indicated he would consider dismissing the complaint "with prejudice" if plaintiff failed to comply with the January 5 order.

Because plaintiff failed to comply with the January 5 order, defendant filed a third motion, this time seeking dismissal of plaintiff's complaint with prejudice. During the March 1, 2024 argument, plaintiff admitted it did not provide copies of pleadings, memos, and letters prepared on defendant's behalf. Additionally, plaintiff did not deny its failure to produce email communications with defendant reflecting ongoing legal work. While plaintiff produced emails demanding payment of its invoices, the emails lacked backup documentation identifying the legal work for the invoiced amounts.

In a March 1, 2024 order, the judge dismissed plaintiff's complaint with prejudice. The judge found plaintiff failed to produce "[a]nything and everything that forms the basis of any of the bills that were sent to [defendant], not just logs or ledgers or e-mails about the bill but everything in every file that forms the basis for any and all work done." The judge reminded plaintiff he twice stated during argument on January 5, 2024 that he would consider dismissal of the complaint with prejudice "if . . . complete discovery was not, in

A-2459-23

fact, served upon [defendant]."  After concluding defendant received "nothing about the underlying work that formed the basis for the bill," the judge dismissed plaintiff's complaint with prejudice.

I.

Plaintiff first challenges the January 5, 2024 order, contending the judge abused his discretion because defendant's discovery requests were untimely and burdensome.  We disagree.

We "defer to a trial judge's discovery rulings absent an abuse of discretion."  Cap. Health Sys., Inc. v. Horizon Healthcare Servs., Inc., 230 N.J. 73, 79 (2017).  "Likewise, the standard of review for dismissal of a complaint with prejudice for discovery misconduct is whether the trial court abused its discretion, a standard that cautions appellate courts not to interfere unless an injustice appears to have been done."  Abtrax Pharms., Inc. v. Elkins-Sinn, Inc., 139 N.J. 499, 517 (1995).  Abuse of discretion "arises when a decision is 'made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis.'"  Flagg v. Essex Cnty. Prosecutor, 171 N.J. 561, 571 (2002) (citation omitted).

A.

Here, certain of defendant's discovery demands were timely. Under Rule 6:4-3(a), parties filing suit in the Special Civil Part have thirty days from the date of the answer to serve and answer interrogatories. Defendant filed its answer to plaintiff's complaint on August 28, 2023. In its answer, defendant demanded discovery from plaintiff but did not serve interrogatories.

Applying the time period in Rule 6:4-3(a), the parties had until September 27, 2023 to serve and answer interrogatories. Neither party served interrogatories by that date. Two days after the thirty-day deadline, plaintiff voluntarily agreed to produce documents to defendant. However, plaintiff failed to do so.

Defendant then tendered a written demand for discovery on October 18, 2023, beyond the thirty-day time period under the Special Civil Part's discovery rules. Thus, plaintiff argues the judge's January 5, 2024 order "improperly forced [p]laintiff to respond to [d]efendant's time-barred requests."

Plaintiff mischaracterizes the judge's January 5 order. The judge did not grant a motion to compel answers to defendant's late interrogatories. Rather, in the proper exercise of his discretion, the judge denied defendant's motion to dismiss the complaint conditioned upon plaintiff's producing the documents it

6

originally agreed to provide to defendant. As the judge explained, plaintiff had the burden of proving defendant owed money for legal services. The judge compelled plaintiff to produce to defendant the documents necessary to support the claims alleged in the complaint.

The Special Civil Part provides "a streamlined structure and practice for the inexpensive and expeditious disposition of the many relatively minor . . . cases which make up the vast bulk of litigation in this state." Lettenmaier v. Lube Connection, Inc., 162 N.J. 134, 143-44 (1999) (quoting Andriola v. Galloping Hill Shopping Ctr., 93 N.J. Super. 196, 200 (App. Div. 1966)). To streamline cases filed in the Special Civil Part, the court rules "expressly authorize a small variety of discovery methods and provide a short period of time for their accomplishment." Kellam v. Feliciano, 376 N.J. Super. 580, 583 (App. Div. 2005). As a result of the abbreviated discovery allowed in the Special Civil Part, "the exchange of pretrial information may, on occasion, be significantly skewed in favor of plaintiffs." Id. at 587. In appropriate circumstances, a Special Civil Part judge "may permit the use of other discovery devices, or the more expansive use of the expressly permitted modes of discovery, in order to provide an adequate flow of information to defendant." Id. at 588. A Special Civil Part judge "must consider not only the sufficiency

A-2459-23

of the information already provided but also its impact upon the speed, efficiency and cost of the litigation." Id. at 590.

Having reviewed the record, we are satisfied the judge appropriately balanced defendant's need to obtain discovery regarding alleged unpaid legal fees and plaintiff's need to quickly and efficiently resolve its claim against defendant. While plaintiff provided the invoices demanding payment from defendant, plaintiff failed to produce documentation evidencing its legal work on defendant's behalf.

At trial, plaintiff would have the burden of proving the legal services it provided to defendant were reasonable and customary and defendant's failure to pay for that legal work. As the judge explained, defendant required "every phone message, piece of paper, memo, note" in plaintiff's legal file to enable defendant to "compare [plaintiff's work] to the bill [plaintiff] submitted to [defendant] in the first place."

Because defendant's legal file was essential to determine whether any unpaid invoices were reasonable, the judge found plaintiff's failure to disclose the relevant documents precluded a speedy and efficient resolution of the dispute on the merits. Thus, in the proper exercise of his discretion, and in the interest of resolving the matter efficiently and expeditiously consistent with the Special

8

Civil Part court rules, the judge ordered plaintiff to produce all documents relevant to the alleged unpaid bill for legal services. We discern nothing improper in the judge's handling of plaintiff's case and compelling the production of discovery in support of plaintiff's allegations.

B.

We also reject plaintiff's argument the judge's January 5, 2024 order was impermissibly burdensome.

"New Jersey's discovery rules are to be construed liberally in favor of broad pretrial discovery of all relevant evidence." Horizon Blue Cross Blue Shield of N.J. v. State, 425 N.J. Super. 1, 29 (App. Div. 2012) (citing Payton v. N.J. Turnpike Auth., 148 N.J. 524, 535 (1997)). "Parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the party seeking discovery or to the claim or defense of any other party." Rule 4:10-2(a).

However, a party's "discovery rights are not unlimited." Piniero v. N.J. Div. of State Police, 404 N.J. Super. 194, 204 (App. Div. 2008). Under Rule 4:10-3, a party may seek a court order limiting discovery to protect against "annoyance, embarrassment, oppression, or undue burden or expense." A court

9

may also limit "the frequency or extent of use of the discovery methods . . . if it determines that the discovery sought is unreasonably cumulative or duplicative, or the burden or expense of the proposed discovery outweighs its likely benefit." Horizon Blue Cross Blue Shield of N.J., 425 N.J. Super. at 29 (citing R. 4:10-2(g)).

Here, the judge expressly considered whether compelling plaintiff to produce defendant's legal file would be unduly burdensome. While the judge acknowledged the January 5 order would burden plaintiff to some extent, he determined the burden imposed was not excessive because a "client is . . . entitled to everything related to the work upon which the lawyer is suing the client in the first place." Additionally, the judge found plaintiff's producing certain documents, such as Frank Agostino's curriculum vitae, did not significantly burden plaintiff.

We recognize discovery demands impose a burden to some extent on parties from whom the information is sought. However, in this case, plaintiff should have anticipated it would be compelled to produce documents at trial in support of its claim that defendant failed to pay for legal services. It is axiomatic that defendant's legal file is central to the dispute for recovery of unpaid legal invoices. Thus, the judge's January 5, 2024 order was not an abuse of discretion.

10

Defendant was entitled to receive its legal file in discovery, and compelling the production of that legal file was not unduly burdensome.

## II.

Defendant next contends the judge's March 1, 2024 order dismissing the complaint with prejudice constituted an abuse of discretion. Plaintiff admitted during oral argument on March 1 that it did not produce all of the documents identified in the January 5, 2024 order. Rather, plaintiff contends the January 5 order was "vague and unclear" and it substantially complied with the terms of that order. We discern nothing unclear about the documents the judge directed plaintiff to produce in the January 5 order. Moreover, by its own admission during oral argument on March 1, plaintiff failed to comply with the January 5 order.

However, we agree with plaintiff that the judge's dismissal of its complaint with prejudice was too harsh a remedy for plaintiff's failure to comply with the January 5 order.

Rule 4:23-2 permits a court to impose sanctions for failure to comply with a court order. Courts have the "inherent discretionary power to impose sanctions for failure to make discovery, subject only to the requirement that they be just and reasonable in the circumstances." Il Grande v. DiBenedetto, 366 N.J. Super.

597, 621 (App. Div. 2004) (quoting Calabrese v. Trenton State Coll., 162 N.J. Super. 145, 151-52 (App. Div. 1978)). However, "[t]he defendant's right to have the plaintiff comply with procedural [discovery] rules conflicts with the plaintiff's right to an adjudication of the controversy on the merits." Abtrax Pharms., Inc., 139 N.J. at 513 (quoting Zaccardi v. Becker, 88 N.J. 245, 252 (1982)). "Because of these competing policies, and because of the varying levels of culpability of delinquent parties, a range of sanctions is available to the trial court when a party violates a court [order]." Ibid. (quoting Zaccardi, 88 N.J. at 252-53).

When a party fails to obey a court order to provide discovery, Rule 4:23-2 authorizes the court to issue:

> (1) An order that the matters regarding which the order was made or any other designated facts shall be taken to be established for the purposes of the action in accordance with the claim of the party obtaining the order;
>
> (2) An order refusing to allow the disobedient party to support or oppose designated claims or defenses, or prohibiting the introduction of designated matters in evidence;
>
> (3) An order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the action or proceeding or any part thereof with or without prejudice, or rendering a judgment by default against the disobedient party; [and]

A-2459-23

(4) In lieu of any of the foregoing orders or in addition thereto, an order treating as a contempt of court the failure to obey any orders.

[Rule 4:23-2(b)(1) to -(4).]

While dismissal with prejudice is an available sanction, it should be imposed "only sparingly." Zaccardi, 88 N.J. at 253. In determining whether a dismissal with prejudice is appropriate, "the court should assess the facts, including the willfulness of the violation, the ability of plaintiff to produce the [evidence], the proximity of trial, and prejudice to the adversary." Casinelli v. Manglapus, 181 N.J. 354, 365 (2004). Because a "dismissal with prejudice is the ultimate sanction," it may be employed "only when no lesser sanction will suffice to erase the prejudice suffered by the non-delinquent party." Zaccardi, 88 N.J. at 253.

Having reviewed the record, we note the judge made no findings regarding plaintiff's willfulness in failing to provide the discovery, plaintiff's ability to produce the discovery expeditiously and efficiently, the trial date relative to plaintiff's failure to produce the documents identified in the January 5 order, or whether defendant would suffer prejudice if a lesser sanction was imposed.

Based on the age of the case, we understand the judge's frustration with plaintiff's dilatory conduct in prosecuting its claim against defendant. However,

because the judge failed to explain why plaintiff's conduct warranted the ultimate sanction of dismissal of the complaint with prejudice or consider whether some lesser sanction available under Rule 4:23-2 would have been appropriate, we are constrained to reverse and remand the March 1, 2024 order dismissing plaintiff's complaint with prejudice. On remand, the judge should consider scheduling a case management conference to identify the discovery to be produced by plaintiff to defendant and to establish deadlines for providing that discovery so the matter may proceed to trial.

Affirmed as to the January 5, 2024 order. Reversed and remanded as to the March 1, 2024 order for proceedings consistent with this opinion. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

14